UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

101 MCMURRY, LLC,

              Plaintiff,

         -against-

MARTIN PORTER, CRAIG WALLACE,
WALLACE & WALLACE, PROOF OF
FUNDS, LLC, DANE GEROUS
BRIGADIER and ROBERT EDWARD
MAYES,III,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

:  10-CV-9037 (CS)

:

:

:

: **MEMORANDUM OF LAW IN**
: **SUPPORT OF MOTION TO**
: **DISMISS**

:

:

:

:

:

:

:

:

:

*Preliminary Statement*

Defendant Martin Porter submits this memorandum of law in support of his

motion to dismiss the complaint against him. The basis for the motion is that the

Court lacks personal jurisdiction over him and that the civil RICO claim is

insufficient as a matter of law.

Porter does not do business in the State of New York. He also lacks the

required minimum contacts with the State of New York to sustain jurisdiction, and

none of the grounds for long-arm jurisdiction over Porter can be satisfied.

*Background*

As alleged in the Complaint, the plaintiff, 101 McMurry, LLC, a Nevada limited liability company, claims that it entered into an agreement with Porter, a Florida domiciliary, to obtain a $16 million letter of credit. (Complaint ¶¶ 1, 2 & 10.) The Complaint also alleges that after signing the agreement Porter and the other defendants fraudulently obtained a $680,000 arrangement fee from the plaintiff. (Complaint ¶¶ 10 & 11.) Asserting claims for fraud, conversion, unjust enrichment and a civil RICO claim, the plaintiff claims that Porter and others are liable for the damages in the amount of the $680,000 arrangement fee. (Complaint ¶¶ 22-35.)

The sole nexus for these claims to New York is that plaintiff wired the arrangement fee to an attorney escrow account in New York. (Complaint ¶ 12; *see also* Complaint Exhibit A at Annex 3 (Escrow Agreement)).

As set forth in Porter's supporting Declaration, Porter lives in Florida, and all his contacts with, or on behalf of, the plaintiff were conducted by him while in Florida. He does not reside in New York. He does not conduct business in New York. He owns no real or personal property in New York. And, he did not at any time travel to New York in connection with the transaction which is the subject matter of this action. (Porter Declaration ¶ 2.)

2

Porter is a citizen, domiciliary and resident of the State of Florida, (Porter

Declaration ¶ 2), and was personally served with the Summons in this action at his

home in Florida, as reflected by the certificate of service filed with the Court. (*See*

Proof of Service, dated January 3, 2011; Dkt. #8).

None of Porter's purported misconduct occurred in New York. Although

the Complaint is studiously vague about the particulars of the alleged

misrepresentations,[1] all of Porter's contacts with the plaintiff were by telephone or

other electronic means while he was in Florida and the plaintiff's agents were in

California. (Porter Declaration ¶ 5.) The "delivery" of the Agreement alleged in

the Complaint refers to the fact that Porter signed the Agreement in Florida and sent

the plaintiff that signed document by telecopier. Only in that limited sense did

---

[1] The Complaint is defective in numerous other respects. For example, the Complaint seeks to impermissibly recast a contract claim into a fraud claim by alleging that the defendants breached a contractual obligation to deliver a letter of credit and that that breach constitutes a "fraud." *See Krepps v Reiner*, 2010 U.S. Lexis App. 9866 (2d Cir. May 14, 2010 ("it is the identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which plaintiff chose to frame his complaint," quoting Woods v. Dunlop Tire Corp., 972 F.2d 36, 39 (2d Cir. 1992)). Similarly, the Complaint fails to plead with any particularity the circumstances constituting the "fraud," as required by Rule 9(b) of the Federal Rules of Civil Procedure and a complaint alleging fraud against multiple defendants must state the allegations specifically attributable to each individual defendant. *DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir. 1987); *Maersk, Inc. v. Neewra*, Inc., 554 F. Supp. 2d 424, 460-61 (S.D.N.Y. 2008); *Dresner v. Utility.com, Inc.*, 371 F. Supp. 2d 476, 494-95 (S.D.N.Y. 2005); *Rich v. Maidstone Fin., Inc.*, 98 Civ. 2569, 2001 U.S. Dist. LEXIS 3167, 2001 WL 286757 at *6 (S.D.N.Y. Mar. 23, 2001) ("[W]hen fraud is alleged against multiple defendants, a plaintiff must set forth separately the acts complained of by each defendant. A complaint may not simply clump defendants together in vague allegations to meet the pleading requirements of Rule 9(b)."). However, since the threshold issue of personal jurisdiction is dispositive, the Court need not address these other deficiencies in the Complaint.

Porter "deliver" the document to plaintiff, and more important, that "delivery" was made to California, not New York.

The remaining contacts with New York jurisdiction are limited. Porter did not at any time travel to California or to New York in connection with this transaction. Indeed, at Porter's request, the Agreement provides that it would be governed by Florida law because he did not want to be subject to the laws or jurisdiction of another State. (Porter Declaration ¶ 5; *see* Complaint Exhibit A: Agreement ¶ 5.13 ("This Agreement shall be construed and governed by the Laws of Dade County, Florida in the Unites States of America.")

Thus, the sole basis for jurisdiction in New York is the allegation in the Complaint that pursuant to an accompanying escrow agreement the plaintiff wired $680,000 to an escrow agent, Wallace & Wallace, which is a New York law firm with its principal place of business in Poughkeepsie, New York. Porter never met with Wallace & Wallace at its place of business in New York, and the only time he meet with an attorney from that firm was at a meeting in Atlanta, Georgia. (Porter Dec. ¶ 6.)

The escrow agreement, which is Annex E to the main agreement, states that the "parties agree to submit to the exclusive jurisdiction of the Courts of New York," (see Complaint Annex E ¶ 11.1). This clause applies to "disputes relating to

4

the Escrow Agreement," (*id*), and it was created by Wallace & Wallace, presumably to provide that the law firms' obligations as escrow agent would be subject to New York laws and New York Courts. (Porter Declaration ¶ 7.) Since the allegations against Porter are for "fraud," "conversion," "unjust enrichment" and "racketeering," (Complaint ¶¶ 21-36), this forum-selection clause cannot be applied to Porter under the circumstances.

The agreement was executed on December 14, 2007. (Complaint, Exhibit A; Agreement at p. 6.) On November 6, 2008, about a year later, the plaintiff and Porter executed an addendum to the agreement. That addendum expressly states that the plaintiff acknowledged that it has no claim arising from the agreement against Porter. In relevant part the addendum states:

> The Beneficiary [defined as the plaintiff] **acknowledges** that the Director of Finance [defined as Porter] and all associated parties **have completed their obligations** under the contract signed between Director of Finance and Beneficiary, dated December 14, 2007 (emphasis added).

(Exhibit 1 to the Porter Declaration.)

Under these circumstances, the forum-section clause of the escrow agreement cannot be used as a basis for jurisdiction because the plaintiff has acknowledged that it does not have any contract claim against Porter arising from its agreement with him. Thus, the plaintiff's basis for jurisdiction must be based on some other

5

theory of liability. And, for the reasons set forth below, no such basis exists and the Complaint should be dismissed.

*Argument*

The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant.[2] When the Court rules on a 12(b)(2) motion based on pleadings and affidavits, the plaintiff is required to make a prima facie showing of jurisdiction over the defendant.[3] While personal jurisdiction "must be established either at an evidentiary hearing or at trial," allegations submitted solely through competing affidavits are "construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."[4]

On the other hand, the Court need not accept "bland assertion[s] of conspiracy or agency."[5] In this case, since the Complaint makes only conclusory assertions in support of jurisdiction, the motion to dismiss should be granted.

*The Plaintiff Cannot Establish Long-Arm Jurisdiction Over Porter.*

There is no basis for a claim that Porter was at any time present in New York for purposes of personal jurisdiction and thus the Court must determine whether it

---

[2] *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).
[3] *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *Whitaker*, 261 F.3d at 208.
[4] *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993).

can assert jurisdiction over Porter based on New York's long-arm statute, CPLR

302, and whether any such jurisdictional basis satisfies due process.[6] To establish a

prima facie showing of jurisdiction under the long-arm statute, the plaintiff must

"aver facts that if credited, would suffice to establish all the requirements under one

of § 302(a)'s subsections ...."[7]

The relevant provision of CPLR 302 provides that:

> As to a cause of action arising from any of the acts enumerated in this
> section, a court may exercise personal jurisdiction over any non-domiciliary,
> or his executor or administrator, who in person or through an agent: (1)
> transacts any business within the state or contracts anywhere to supply goods
> or services in the state.

Yet several courts have held that "wiring of money into New York State is

insufficient, by itself, to confer personal jurisdiction under CPLR 302 (a) (1)."[8]

Since the wiring of the arrangement fee into the New York escrow account appears

from the face of the Complaint to be the only relevant contact with this State, the

Court should find that jurisdiction over Porter is insufficient.

---

[5] *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 793 (2d Cir. 1999).

[6] Fed. R. Civ. Pro. 4(k)(1)(A)(service of summons established personal jurisdiction over a defendant who is subject to jurisdiction in the state where the district court is located). Rule 4(k)(1)(C) also provides a basis for jurisdiction "when authorized by federal statute," and the Complaint does purport to state a claim under the civil RICO statute, which has a nationwide service of process provision. 18 U.S.C. § 1965. However, for the reasons set forth in this memorandum, the Complaint fails to state a RICO claim and thus that service provision under federal law does not apply.

[7] *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 785 (2d Cir. 1999).

[8] *Symenor v. State Street Bank,* 244 A.D.2d 880, 881 (4th Dept. 1997) (citing *Continental Field Serv. Corp. v ITEC Intl.,* 894 F. Supp. 151, 154 (S.D.N.Y 1995); *Colson Servs. Corp. v. Bank of Baltimore.* 712 F. Supp. 28, 31 (S.D.N.Y 1989); *cf., Black Riv. Assocs. v Newman,* 218 A.D. 2d 273 (4th Dept. 1996); *see*

7

*The Plaintiff Fails to Plead a Civil RICO Claim.*

Absence long-arm jurisdiction, the only possible basis for this Court to maintain jurisdiction over Porter would be the use of a nation-wide service of process provision under federal law. On that basis, the plaintiff purports to state a claim under civil RICO, thereby seeking the benefit of its nation-wide service of process provision, 18 U.S.C. § 1965.[9]

Yet the plaintiff's RICO claim is facially insufficient: the plaintiff fails to allege an enterprise and it fails to allege a pattern of racketeering activity, both of which are essential elements of a civil RICO claim.[10] More important, the plaintiff does not and cannot claim that this one-time purported fraud was the product of an on-going enterprise functioning as a continuing unit with an organizational structure.[11]

In only the barest possible way, the Complaint seeks to set forth a RICO claim. (Complaint ¶¶ 32-36.) Using only conclusory language and without any effort to set forth the above-noted elements or the roles that each of the defendants

---

*also Baptichon v. Nevada State Bank*, 304 F. Supp.2d 451 (S.D.N.Y. 2004).

[9] *See generally PT United Can Co. v. Crown Cork & Seal, Co.,* 138 F. 3d 65 (2d Cir. 1998).

[10] *Salinas v. United States*, 522 U.S. 52, 62 (1997).

[11] *United States v. Turkette*, 542 U.S. 576, 583 (1981); *United States v. Errico*, 635 F. 2d 152, 156 (2d Cir. 1980)(requiring continued operations for an illegal purpose with a community of interests and a continuing core of personnel ; *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F. 3d 91, 97-98 (2d Cir. 1997)(plaintiff must show at least two predicate acts that are related and amount to, or threaten, continuing criminal activity).

8

purportedly played in this "enterprise," the plaintiff's RICO claim is wholly insufficient and should be dismissed.

Simply put, a single, isolated transaction, even one grounded in allegations of fraud, cannot constitute a civil RICO claim. As noted by the Second Circuit in *Schlaifer Nance & Co. v. Estate of Warhal*, 119 F. 3d 91, 98 (2d Cir. 1997), "courts must take care to ensure that the plaintiff is not artificially fragmenting a singular act into multiple acts simply to invoke RICO" and in a holding that applies with particular force here, the Second Circuit held that a single fraudulent act in negotiating an agreement is simply insufficient to state a claim. Accordingly, no civil RICO claim has been stated in this case.

*Conclusion*

This Court lacks personal jurisdiction over Porter. The long-arm statute does not reach him and the nation-wide service provision of the civil RICO claim cannot be used to obtain jurisdiction because the Complaint cannot state a RICO claim. Accordingly, the Amended Complaint should be dismissed.

Dated: February 28, 2011

Nathaniel B. Smith
111 Broadway – Suite 1305
New York, New York 10006
212-227-7062 (tel)
212-34604665 (fax)
natsmith@att.net
Attorney for Martin Porter