UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
101 MCMURRAY, LLC,                                    :
                                           10-CV-09037 (CS)
                          Plaintiff,       :

                                           :

              - against -                           :


MARTIN PORTER, CRAIG WALLACE,          :
WALLACE & WALLACE, PROOF FUNDS,
LLC, DANE GEROUS BRIGADIER and          :
ROBERT EDWARD MAYES, III,

                                         :

                         Defendants.       :
----------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF THE WALLACE DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Of Counsel:                          **TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**
Jonathan R. Harwood, Esq.            Mid-Westchester Executive park
                                 Seven Skyline Drive
                                 Hawthorne, New York 10532
                                 (914) 347-2600
                                 *Attorneys for Defendants*
                                 *Craig Wallace and Wallace & Wallace*

## TABLE OF CONTENTS

I.   TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

II.  PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     POINT I - -   PLAINTIFF'S RICO CLAIMS ARE NOT PROPERLY ASSERTED . . . 6

              A.   The Second Amended Complaint Does Not
                   Properly Allege a Claim Under 18 U.S.C. 1962(c) . . . . . . . . . . . . . . . . . . 7

              B.   Plaintiff Has Not Asserted A Valid Claim Under
                   18 U.S.C. §1962(d) Against The Wallace Defendants . . . . . . . . . . . . . . 11

              C.   Plaintiff's Fraud Claims Cannot Support Its Allegations of RICO
                   Violations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

              D.   Plaintiff Cannot Establish the Necessary
                   Causation To Sustain Its RICO Claims . . . . . . . . . . . . . . . . . . . . . . . . . 13

     POINT II - -  PLAINTIFF FAILS TO STATE A CLAIM OF FRAUD
                   AGAINST THE WALLACE DEFENDANTS FOR FRAUD . . . . . . . . 14

V.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal,*
   129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Azrielli v. Cohen Law Offices,*
   21 F.3d 512 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cedric Kushner Promotions, Ltd. v. King,*
   533 U.S. 158, 150 L. Ed. 2d 198, 121 S. Ct. 2087 (2001) . . . . . . . . . . . . . . . . . . . . . . . 9

*Department of Economic Development v. Arthur Andersen & Co.,*
   924 F.Supp. 449 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Dubai Islamic Bank v. Citibank, N.A.,*
   256 F.Supp.2d 158 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York,*
   375 F.3d 168 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*First Capital Asset Mgmt. v. Satinwood, Inc.,*
   385 F.3d 159 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*First Nationwide Bank v. Gelt Funding Corp.,*
   820 F. Supp. 89 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

*Grunwald v. Bornfreund,*
   668 F. Supp. 128 (E.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hecht v. Commerce Clearing House, Inc.,*
   897 F.2d 21 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Karen S. v. Streitferdt,*
   172 A.D.2d 440, 568 N.Y.S.2d 946 (1st Dep't 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Matsumura v. Benihana Nat'l Corp.,*
   542 F. Supp. 2d 245 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Moore v. Paine Webber, Inc.,*
   189 F.3d 165 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Morin v. Trupin,*
   832 F.Supp. 93 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11, 12

*Morin v. Turpin,*
   747 F.Supp. 1051 (S.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Rand & Paseka Mfg. Co., v. Holmes Protection,*
   130 A.D.2d 429, 515 N.Y.S.2d 468 (1st Dep't 1987),
   *appeal denied,* 70 N.Y.2d 615, 524 N.Y.S.2d 677 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Reves v. Ernst & Young,*
   507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

*Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,*
   742 F.2d 786 (3d Cir. 1984), *cert. denied,*
   469 U.S. 1211, 84 L. Ed. 2d 327,
   105 S. Ct. 1179 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Steinfeld v. Marks,*
   1996 U.S. Dist. LEXIS 10994 (S.D.N.Y. 1996),
   *affirmed* 1997 U.S. Dist. LEXIS 13569 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Turkette,*
   452 U.S. 576, 101 S.Ct. 2524 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Walker v. Sheldon,*
   10 N.Y.2d 401, 223 N.Y.S.2d 488 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Walker v. Stroh,*
   192 A.D.2d 775, 596 N.Y.S.2d 213 (3d Dep't 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Wynn v. AC Rochester,*
   273 F.3d 153 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Zarin v. Reid & Priest,*
   184 A.D.2d 385, 585 N.Y.S.2d 379 (1st Dep't 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Statutes**

18 U.S.C. §1961(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. §1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

18 U.S.C. §1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. §1962(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. §1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9

18 U.S.C. §1962(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11, 12

18 U.S.C. §1964(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Rule 9(b) of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Rule 12(c) of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## PRELIMINARY STATEMENT

This memorandum of law is submitted by defendants Craig Wallace and Wallace & Wallace ("the Wallace defendants") in support of their motion to dismiss the second amended complaint in this action, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. As set out in detail below, plaintiff has not sufficiently plead any of its causes action against the Wallace defendants. Specifically, plaintiff's RICO and fraud claims are not plead with sufficient particularity and should be dismissed with prejudice. As such, the Wallace defendants respectfully request that the second amended complaint against it be dismissed, with prejudice.

## STATEMENT OF FACTS

Plaintiff commenced this action by filing of a complaint on December 3, 2010. It subsequently filed an amended the complaint on December 16, 2010. The amended complaint asserted claims of RICO violations and fraud against all of the defendants, as well claims that the Wallace defendants breached an escrow agreement. In response to requests for permission to move to dismiss the complaint, the court permitted plaintiff to serve a second amended complaint in an effort to address the pleading deficiencies in the amended complaint. A copy of the second amended complaint, which was filed on or about April 17, 2011, is annexed to the declaration of Jonathan R. Harwood as Exhibit A.

This matter arises out of a financial transaction between plaintiff and defendants Martin Porter, Dane Gerous Brigadier and Robert Edward Mayes, III. According to the second amended complaint, Messrs. Porter, Brigadier and Mayes, as principals of Proof of Funds, LLC, convinced plaintiff that they could obtain, for a fee, a standby letter of credit in the amount of $16 million from UBS AG Zurich ("UBS"). Harwood Decl., Ex. A at ¶11. The representations were allegedly made by Porter, Brigadier and Mayes, both orally and in an Agreement for Obtaining A Standby Letter of

Credit. *Id.* That letter was allegedly delivered to plaintiff by Porter on or about December 14, 2007. *Id.* Plaintiff further alleges that Brigadier represented himself to be a Managing Member of defendant Proof of Funds, LLC, Porter represented himself to be the Director of Finance of Proof of Funds, LLC and Mayes represented that he was the Chief Financial Officer of Proof of Fund, LLC. Id. at ¶¶12-14. It is not alleged that the Wallace defendants had any such relationship with Proof of Funds or that they made any representations to plaintiff with respect to the transaction at issue.

According to the second amended complaint, the representations made to plaintiff in order to induce it to enter into a contract included a "brochure prepared by Brigadier, Mayes and Porter on behalf of Proof of Funds and used to advertise its services . . ." Harwood Decl., Ex. A at ¶15. According to plaintiff, the letter of credit supplied to it was a fake, bearing forged signatures. *Id.* at ¶18. In addition, the representations made in the brochures were also allegedly false. *Id.* It is also alleged that further misrepresentations were made by defendants Brigadier, Mayes and Proof of Funds. Id. at ¶19. Again, none of these alleged misrepresentations are attributed to the Wallace defendants.

Plaintiff also alleges that the representations made by defendants Porter, Brigadier and Mayes were false, as they did not have any relationship with UBS that allowed them to obtain a standby letter of credit in the amount stated, or in any amount. Harwood Decl., Ex. A at ¶21. Their representations, it is alleged, were made with knowledge of their falsity or with reckless disregard for the truth and with the intention of deceiving plaintiff. *Id.* Plaintiff was allegedly unaware of the falsity of these representations. *Id.* According to plaintiff, it relied on the representations by defendants Porter, Brigadier and Mayes, which were made on behalf of Proof of Funds, in wiring

$680,000 into the Wallace defendants attorney's IOLA account. *Id.* at ¶22. Plaintiff alleges that all of the defendants conspired to obtain its funds and each profited from the fraudulently obtained funds. *Id.* at ¶23. As noted above, the second amended complaint does not allege a single representation by the Wallace defendants.

Plaintiff alleges that the defendants, without identifying any specific conduct by the Wallace defendants, "purported to deliver to plaintiff a Letter of Credit issued by UBS in the face amount of sixteen million dollars. ($16,000,000.)" Harwood Decl., Ex. A at ¶24. The letter of credit is allegedly fraudulent, as it was prepared by defendants in order to defraud plaintiff. *Id.*

According to plaintiff, the Wallace defendants agreed to act as escrow agents, pursuant to an escrow agreement. Harwood Decl., Ex. A at ¶25. It is alleged that Porter, Mayes, Brigadier and Proof of Funds selected the Wallace defendants to serve in this capacity. *Id.* at ¶26. Plaintiff also asserts that, pursuant to the directions of Porter, Mayes, Brigadier and Proof of Funds, the Wallace defendants received funds from customers of "the other defendants," held those funds in escrow and disbursed them to the other defendants. *Id.* Plaintiff also asserts that "defendants Porter, Mayes, and Brigadier caused information concerning Mr. Wallace and the law firm, including a firm resume, to be added to the web site of defendant Proof of Funds, LLC." *Id.* at ¶27. This information, it is alleged, was added by Porter, Mayes and Brigadier in order to give false comfort to potential victims of their fraud that the contemplated transactions were legitimate and that funds held in escrow would be protected. *Id.* at ¶28. Again, there is no allegation that the Wallace defendants had any role in this conduct. Plaintiff alleges that it wired $680,000 to the Wallace defendants, to be held in escrow based, in part, on the assumption that the finds sent to a lawyer would b protected from wrongdoing. *Id.* at ¶29.

3

Pursuant to the terms of the escrow agreement, it is alleged, the Wallace defendants were to return the funds if a standby letter of credit was not placed on "DTC/Euroclear" or not received by the beneficiary and the escrow agent, along with coordinates and authentication, or if the Standby Letter of Credit did not conform with the "Agreement for Obtaining a Standby Letter of Credit." Harwood Decl., Ex. A at ¶29. According to plaintiff, these requirements were not met but the Wallace defendants did not return the funds and, instead, paid them to the other defendants. *Id.* at ¶¶30-32. Plaintiff alleges that this constitutes a breach of the escrow agreement, which was the result of gross negligence by the Wallace defendants. *Id.* at ¶33. Plaintiff also alleges that it has demanded the return of the funds from defendants, but they have failed and refused to honor that request. *Id.* at ¶34.

The complaint contains six claims for relief. In the first, plaintiff asserts that it has been damaged by the defendants' fraud in the amount of $680,000. Harwood Decl., Ex. A at ¶36. Plaintiff further alleges that, upon information and belief, the defendants have engaged in similar fraudulent representations to others, as part of a scheme aimed at the general public. *Id.* at ¶37. As a result, plaintiff claims that it is entitled to punitive damages. *Id.* at ¶38.

In the second claim for relief, plaintiff alleges that the defendants have converted funds in the amount of $680,000. Harwood Decl., Ex. A at ¶40. The third claim for relief alleges that the defendants have obtained $680,000 by fraud, have been unjustly enriched as a result and the court should thus impose a constructive trust over the funds and should order restitution to plaintiff. *Id.* at ¶¶42-44. The fourth claim for relief asserts violations of 18 U.S.C. Id. at ¶46. In support of this claim, plaintiff makes a general, unsupported allegation that the defendants made similar fraudulent misrepresentations to others. *Id.* at ¶47. It is further alleged that the defendants are an association-

4

in-fact "enterprise" pursuant to U.S.C. §1961(4) that engaged in activities that affected interstate commerce. *Id.* at ¶48. In support of this claim, plaintiff states the following, without providing any specific supporting information:

> They have been associated through time, joined in purpose, and organized in a manner amenable to hierarchical and consensual decision-making with each member fulfilling a specific and necessary role to carry out and facilitate its purpose, which was, upon in formation and belief, earning money fraudulently by delivering fake bank documents to its victims.

*Id.* Plaintiff goes on to allege, baldly, that the development and execution of the scheme exceeds the capabilities of each member of the enterprise acting singly and that each defendant is associated with the enterprise. *Id.* at ¶¶49-50. It is also alleged that each defendant knowingly conducted and/or participated, directly or indirectly, in the conduct of the enterprise by repeated violations of the federal wire fraud statute. *Id.* at ¶51. Plaintiff seeks $680,000 in damages and treble damages of $2,040,000, pursuant to 18 U.S.C. §1964(c).

The fifth claim for relief alleges that the Wallace defendants, as escrow agents, breached the escrow agreement, damaging plaintiff in the amount of $680,000. Harwood Decl., Ex. A at ¶¶55-56. Finally, in the sixth claim for relief plaintiff alleges that the escrow agent's conduct was the result of gross negligence. *Id.* at ¶58. Plaintiff claims damages of $680,000 as a result of this conduct. Id. at ¶59.

## ARGUMENT

### POINT I

### PLAINTIFF'S RICO CLAIMS ARE NOT PROPERLY ASSERTED

Plaintiff attempts to asset its RICO claims in the fourth claim for relief in the complaint. While plaintiff identifies the federal wire-fraud statute as the allegedly improper conduct, it does not specify the specific section of the RICO statute that the Wallace defendants allegedly violated. Regardless of the section plaintiff seeks to implicate, however, it has failed to sufficiently allege a RICO violation by the Wallace defendants.

The activities prohibited by RICO are listed in 18 U.S.C. §1962. A claim pursuant to 18 U.S.C. §1962(a) must contain the following four essential elements: (1) income derived from a "pattern" of predicate acts or the collection of an unlawful debt (2) the "use or investment" of the income in the acquisition, establishment, or operation by the defendant (3) of an "enterprise" (4) engaged in or affecting interstate commerce. 18 U.S.C. §1962(a). None of these elements are alleged in plaintiff's second amended complaint and are thus not at issue in this case.

In order to implicate §1962(b), a plaintiff must allege: (1) the acquisition or maintenance through a "pattern" of predicate acts or the collection of an unlawful debt by a defendant (2) of any "interest" in or control of an "enterprise" (3) engaged in or affecting interstate commerce. 18 U.S.C. §1962(b). Again, plaintiff has not alleged any of there elements in the second amended complaint, rendering this section inapplicable.

This leaves §§1962(c) and (d) as the only possible provisions of the RICO statute that plaintiff could have even attempt to asserted in its second amended complaint. As set forth below, plaintiff has not properly alleged claims under these subsections either.

**A.     The Second Amended Complaint Does Not
        Properly Allege a Claim Under 18 U.S.C. 1962(c)**

Subsection (c) of 18 U.S.C. §1962 provides as follows:

> It shall be unlawful for any person employed by or associated with
> any enterprise engaged in, or the activities of which affect, interstate
> or foreign commerce, to conduct or participate, directly or indirectly,
> in the conduct of such enterprise's affairs through a pattern of
> racketeering activity or collection of unlawful debt.

The only specific conduct alleged in the complaint that could possibly state a claim under this section
was allegedly committed by defendants Porter, Mayes, Brigadier and Proof of Funds.  Plaintiff does
not make any allegations that the Wallace defendants committed any specific, wrongful acts that
would implicate this section.  The only specific allegations plaintiff makes against the Wallace
defendants is that they improperly released escrow funds and failed to return them to plaintiff as
required by the escrow agreement.  This is not sufficient to state a claim under §1962(c).

In order to state a valid claim under §1962(c), it is not enough to allege that the defendant
merely played some part in the alleged conduct.  Instead, there must be some factual allegation that
the defendant was involved in directing the operation and management of the alleged enterprise.
*Dubai Islamic Bank v. Citibank, N.A.*, 256 F.Supp.2d 158, 163-164 (S.D.N.Y. 2003); *Department
of Economic Development v. Arthur Andersen & Co.*, 924 F.Supp. 449, 465-466 (S.D.N.Y. 1996);
*Morin v. Trupin*, 832 F.Supp. 93, 98 (S.D.N.Y. 1993).  This limitation was applied by the Supreme
Court in *Reves v. Ernst & Young*, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), where the
Court addressed "the narrow question" of "the meaning of the phrase 'to conduct or participate,
directly or indirectly, in the conduct of such enterprise's affairs.'"  *Reves*, 507 U.S. at 177, 113 S.Ct.
at 1169, 122 L.Ed.2d at 535.  After analyzing RICO's legislative history, the Court concluded that
"in order to 'participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must

7

have some part in directing those affairs." *Id.* at 179, 113 S.Ct. at 1170, 122 L.Ed.2d at 536-537.

This limitation has since been regularly applied by the courts of this Circuit, including in cases where plaintiffs attempted to assert RICO claims against attorneys involved in an alleged scheme. In *Morin*, for example, one of the defendants was a law firm that was alleged to have provided advice to entities controlled by other RICO defendants. In analyzing the claims against the lawyers, the court noted that the complaint did not distinguish the activities of the lawyers from those of the other defendants. *Morin*, 832 F.Supp. at 97. The allegations in *Morin*, as in the instant case, arose out of one defendants claimed retention of lawyers with preexisting affiliations with other defendants to preform certain services. *Id.* Because none of the allegations included claims that the lawyers directed anyone to do anything, the court dismissed the complaint as against the lawyers. *Id.* at 98. The fact that the lawyers may have possessed substantial persuasive power over other defendants, a fact that is not even alleged here, was not even sufficient to satisfy the control requirement. *Id.*; *see also Department of Economic Development*, 924 F.Supp. at 467.

A similar result was reached in *Azrielli v. Cohen Law Offices*, 21 F.3d 512 (2d Cir. 1994). That case arose out of transactions related to the acquisition of an apartment and included claims against the attorney who represented several of the defendants involved in the transaction. Referring to the *Reves* decision, the Second Circuit dismissed the claims against the attorney based on the lack of any factual allegations that he had any control over the enterprise. *Azrielli*, 21 F.3d at 521. Absent any indication that the attorney had participated in the management or direction of the enterprise, the court found that plaintiff had not asserted a valid RICO claim. *Id.*

The same result is compelled by the allegations in this matter. The second amended complaint is completely devoid of any allegations that the Wallace defendants controlled the alleged

enterprise. The only specific wrongdoing attributed to the Wallace defendants relates to their alleged breach of the escrow agreement. This stands in direct contrast to the allegations against the other defendants, which describe specific conduct that allegedly induced plaintiff to enter into the transaction at issue. These defendants, for example, allegedly made false representations that induced plaintiff to enter the transaction at issue, made representations about their positions within Proof of Funds, prepared brochures that provided misleading information and made specific representations about the existence of a letter of credit from UBS. Plaintiff also alleges that the representations by Porter, Mayes, Brigadier and Proof of Funds were false, an allegation that is not made against the Wallace defendants. Moreover, there is no allegation that the Wallace defendants controlled or directed the actions of the other defendants.

In light of the Supreme Court's holding in *Reves*, and the subsequent decisions of the courts of the Second Circuit, these allegations are not sufficient to assert a claim against the Wallace defendants pursuant to 18 U.S.C. 1962(c). There are no allegations that they controlled the alleged enterprise, and any alleged assistance they provided is not sufficient to satisfy the pleading requirements of the statute. As a result, these allegations must be dismissed, with prejudice.

Plaintiff has also failed to allege, as it must, that there was an enterprise that is separate from the pattern of racketeering activity. *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528-29 (1981). To meet this requirement, plaintiff must provide factual allegations that the enterprise is distinct from the person conducting its affairs. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161-62, 150 L. Ed. 2d 198, 121 S. Ct. 2087 (2001); *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 174 (2d Cir. 2004). Moreover, "for an association of individuals to constitute an enterprise, the individuals must share a common purpose to engage in a particular

fraudulent course of conduct and work together to achieve such purposes." *First Nationwide Bank v. Gelt Funding Corp.*, 820 F. Supp. 89, 98 (S.D.N.Y. 1993) (internal quotation marks omitted), *aff'd*, 27 F.3d 763 (2d Cir. 1994). In the instant case, however, plaintiff does not identify the alleged enterprise or how the various the Wallace defendants had a common purpose with the other defendants to engage in the alleged fraudulent conduct or to work together to achieve their goals. There is no claim, for example, that the Wallace defendants had any connection to the other defendants, aside from being selected to act as the escrow agent. The complaint also fails to allege a connection between the Wallace defendants and any other group of defendants or that plaintiff was damaged by anything other than the alleged fraud of the other defendants through conduct that is not alleged to have been committed by the Wallace defendants.

None of the allegations in plaintiff's complaint satisfy the pleading standards in a RICO case, specifically in light of the United States Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As the Court held there, in order to meet the applicable federal pleading requirements a complaint must contain factual allegations sufficient to move a claim beyond the conceivable to the plausible. *Iqbal*, 129 S.Ct. at 1950-51. A formulaic recitation of the elements of a claim, as plaintiff has done here, is insufficient. *Id.* at 1951. In addition, as required by *Iqbal*, the allegations of the complaint do not overcome the "obvious alternative" purpose for the alleged conduct. *See Iqbal*, 129 S.Ct. at 1951-52. The obvious alternative to plaintiff's claims that the Wallace defendants were part of a vast, intricate conspiracy to defraud it is that, even if plaintiff's allegations are believed, any alleged errors by the Wallace defendants were isolated and part of the regular course of their acts as an escrow agent.

This is made clear by the bare nature of plaintiff's claims. Rather than provide any factual

support for its claims, plaintiff simply alleges that the defendants engaged in fraudulent conduct. There are no allegations, however, that the Wallace defendants engaged in any specific fraudulent conduct. Plaintiff only makes specific claims of such conduct by Porter, Mayes, Brigadier and Proof of Funds. Such allegations fail to satisfy the pleading standards set forth in *Iqbal*.

**B.    Plaintiff Has Not Asserted A Valid Claim Under**
**18 U.S.C. §1962(d) Against The Wallace Defendants**

In order to state a claim that a defendant violated 18 U.S.C. §1962(d), a plaintiff must properly allege that the defendant conspired to violate §1962. While the second amended complaint does contain a vague, non-specific allegation that the defendants conspired to defraud plaintiff, there are no specific allegations of such conduct by the Wallace defendants or that they agreed to engage in a pattern of racketeering activity. Absent such an allegation, a claim under 18 U.S.C. §1962(d) must be dismissed. *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25-26 (2d Cir. 1990); *Dubai Islamic Bank*, 256 F.Supp.2d at 165; *Morin*, 832 F.Supp. at 99-100. Moreover, bare allegations of conspiracy are not sufficient to support such a claim. *See Morin v. Turpin*, 747 F.Supp. 1051, 1067 (S.D.N.Y. 1990); *Grunwald v. Bornfreund*, 668 F. Supp. 128, 133 (E.D.N.Y. 1987). It is not even sufficient, in fact, to simply allege an agreement to commit the predicate act. *Morin*, 747 F. Supp. at 1067; *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 792 n. 8 (3d Cir. 1984), *cert. denied*, 469 U.S. 1211, 84 L. Ed. 2d 327, 105 S. Ct. 1179 (1985). Instead, a plaintiff "must show that the defendants understood the scope of the enterprise and knowingly agreed to further its affairs through the commission of various offenses." *Morin*, 747 F. Supp. at 1067, quoting *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 567 F. Supp. 1146, 1154-55 (D.N.J. 1983).

The complaint in the instant matter is devoid of any factual allegations that the Wallace

defendants engaged in any type of conspiracy. While there are claims that the defendants, in general, conspired to act, there are no specific, factual allegations that the Wallace defendants agreed to participate in a conspiracy to defraud plaintiff. The only allegation of a conspiracy asserts that "all defendants conspired to obtain plaintiff's funds . . ." Harwood Decl., Ex. A at ¶23. Such bare allegations are not sufficient to satisfy the requirements for asserting a claim under 18 U.S.C. 1962(d). As a result, the *Morin* court's holding that "because they have not alleged any facts demonstrating the existence of an agreement or conspiracy, the Plaintiffs have not pled a violation of §1962(d) . . .," *Morin*, 832 F.Supp. at 100, is equally applicable to the instant case. Any claim that plaintiff seeks to assert under 18 U.S.C. §1962(d) against the Wallace defendants, therefore, must be dismissed.

**C.    Plaintiff's Fraud Claims Cannot Support Its Allegations of RICO Violations**

Plaintiff's RICO claims against the Wallace defendants are also deficient in light of its inability to make out its claims for fraud. In order to make out its claim, plaintiff will have to show a material misrepresentation by the Wallace defendants. *See Moore v. Paine Webber, Inc.*, 189 F.3d 165, 170 (2d Cir. 1999). Moreover, the misrepresentation must contain misstatements about the item in question. *Id.* The second amended complaint, however, is devoid of any allegations that the Wallace defendants made any such misstatements. As detailed above, all of the allegedly fraudulent communications are attributed to Porter, Brigadier, Mayes and Proof of Funds. The only specific allegations against the Wallace defendants concern their alleged breach of the escrow agreement. The complete absence of any claims of fraud by the Wallace defendants provides a further basis for dismissing the second amended complaint.

12

**D.     Plaintiff Cannot Establish the Necessary
       Causation To Sustain Its RICO Claims**

It is well established that, in order to bring a valid RICO claim a plaintiff must allege both

transaction causation and loss causation. *Moore*, 189 F.3d at 171-172.  A proper allegation of

transaction causation requires a claim that the plaintiff would not have entered into the transaction

but for the defendant's wrongful acts. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763,

769 (2d Cir. 1994).  Plaintiff has clearly failed to allege this with respect to the Wallace defendants.

The only specific conduct attributed to them is their alleged breach of the escrow agreement.

Plaintiff has not claimed, nor can it credibly claim, that this somehow caused it to enter into the

transaction at issue, as by its very nature this conduct could not have occurred until after plaintiff

entered into the transaction.  While the complaint does allege that the Wallace defendants were

identified as the proposed escrow agents to induce plaintiff's conduct, this representation was

allegedly made by the other defendants, not the Wallace defendants.  As such, plaintiff has utterly

failed to allege transaction causation.  While the Wallace defendants do not concede that plaintiff

has properly alleged loss causation, they do not address that issue in the instant motion.  Plaintiff's

failure to allege transaction causation, alone, is sufficient to warrant dismissal of the second amended

complaint.

## POINT II

## PLAINTIFF FAILS TO STATE A CLAIM OF FRAUD
## AGAINST THE WALLACE DEFENDANTS FOR FRAUD

In the first claim for relief in the second amended complaint, plaintiff alleges that it has been damaged by the fraud of "the defendants." Harwood Decl., Ex. a at ¶36. Plaintiff also generally alleges, without any supporting facts, that "upon information and belief defendants have made similar fraudulent representations to others, as part of a fraudulent scheme aimed at the public in general." *Id.* at ¶37. While the second amended complaint contains allegations of specific conduct by some of the defendants, none of that conduct is attributed to the Wallace defendants. Plaintiff alleges, for example, that defendants Porter, Brigadier and Mayes convinced it that they could obtain the standby letter of credit. *Id.* at ¶11. The second amended complaint goes on to state that the "representations made to induce plaintiff to enter into a contract with defendants" included a brochure "prepared by Brigadier, Mayes and Porter." *Id.* at ¶15. In paragraph 19 of the second amended complaint plaintiff identifies additional alleged misrepresentations by Brigadier and Mayes. *Id.* at ¶19. Plaintiff also alleges that representations of Porter, Brigadier and Mayes were false in that they did not have the necessary relationship with UBS to obtain a standby letter of credit. *Id.* at ¶21. Plaintiff then states the it relied "on the representations of Porter, Brigadier and Mayes" when it transferred the funds at issue. *Id.* at ¶22.

While plaintiff makes certain allegations concerning the selection of the Wallace defendants to act as the escrow agent, none of them allege fraud by the Wallace defendants. Plaintiff alleges, for example, that Porter, Brigadier and Mayes made certain representations about the Wallace defendants on the Proof of Funds web site to "give false comfort to potential victims of **their** fraud . . ." Harwood Decl., Ex. A at ¶¶27-28 (emphasis added). There is no allegation that the Wallace

14

defendants participated in this conduct or that the representations about them were false. In fact, in communications with this court plaintiff has acknowledged that Mr. Wallace requested that the other defendants remove the information about his firm from the web site as soon as he learned of its existence. Harwood Decl., Ex. B. Simply put, the second amended complaint is devoid of any specific allegations that the Wallace defendants engaged in any fraudulent conduct. Under the circumstances, plaintiff has utterly failed to properly allege fraud against the Wallace defendants.

Under the law of New York, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relies; and (5) which caused injury to the plaintiff. *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001). Common law fraud claims must be pled with particularity in accordance with the requirements set forth in Rule 9(b). *See Matsumura v. Benihana Nat'l Corp.*, 542 F. Supp. 2d 245, 251 (S.D.N.Y. 2008). To allege a material misrepresentation in compliance with Rule 9(b) of the Federal Rules of Civil Procedure, a complaint must (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made and (4) explain why the statements (or omissions) are fraudulent. *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York*, 375 F.3d 168, 187 (2d Cir. 2004). Plaintiff has unquestionably failed to meet this burden. It has not identified a single statement by the Wallace defendants that were allegedly fraudulent. This, alone, is fatal to plaintiff's fraud claim as against the Wallace defendants, as it cannot identify the speaker of a statement that was not made, let alone when and where such a statement was made or explain how a non-existent statement was fraudulent.

The second amended complaint also contains unsubstantiated accusations of a conspiracy between the Wallace defendants and the other defendants, all of whom have allegedly also conspired against plaintiff. It must be noted, however, that there is no viable cause of action for conspiracy under the law of New York. *Steinfeld v. Marks,* 1996 U.S. Dist. LEXIS 10994 (S.D.N.Y. 1996), *affirmed* 1997 U.S. Dist. LEXIS 13569 (S.D.N.Y. 1997). Plaintiff's claims of conspiracy, therefore, should also be dismissed, as they too fail to state a claim upon which relief may be granted.

Plaintiff also seeks punitive damages in its fraud cause of action for fraud. In the event the Court does not dismiss the fraud cause of action, the request for punitive damages should be stricken. Punitive damages are only awarded in "singularly rare cases," such as cases involving an improper state of mind or malice, or cases involving wrongdoing to the general public. *Karen S. v. Streitferdt,* 172 A.D.2d 440, 441, 568 N.Y.S.2d 946 (1st Dep't 1991); *Rand & Paseka Mfg. Co., v. Holmes Protection,* 130 A.D.2d 429, 515 N.Y.S.2d 468 (1st Dep't 1987), *appeal denied,* 70 N.Y.2d 615, 524 N.Y.S.2d 677 (1988). There are no allegations in the instant action that the Wallace defendants' alleged wrongdoing was motivated by malice or "was so outrageous as to evince a high degree of moral turpitude and showing such wanton dishonesty as to imply a criminal indifference to civil obligations." *Walker v. Stroh,* 192 A.D.2d 775, 776, 596 N.Y.S.2d 213 (3d Dep't 1993), *quoting Zarin v. Reid & Priest,* 184 A.D.2d 385, 388, 585 N.Y.S.2d 379 (1st Dep't 1992), *citing Walker v. Sheldon,* 10 N.Y.2d 401, 405, 223 N.Y.S.2d 488 (1961).

Plaintiff makes a half-hearted attempt to satisfy these requirements by alleging, baldly, that "upon information and belief" the defendants have made similar fraudulent representations to others as part of a fraudulent scheme aimed at the general public. First, even if this was sufficient, generally, to support a request for punitive damages, it would not be sufficient as to the Wallace

16

defendants. As discussed above, plaintiffs have not identified any specific fraudulent representations by the Wallace defendants. A general, unsupported assertion that such comments were directed to the general public, therefore, cannot suffice to state a claim for punitive damages against the Wallace defendants.

**CONCLUSION**

Based upon the foregoing, it is respectfully requested that the RICO, fraud and punitive damages claims asserted against the Wallace defendants in plaintiff's second amended complaint be dismissed in their entirety, with prejudice, together with such other relief the court deems proper.

Dated: Hawthorne, New York
   May 25, 2011

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

By:    Jonathan R. Harwood (JH 9060)
       Mid-Westchester Executive Park
       Seven Skyline Drive
       Hawthorne, New York 10532
       (914) 347-2600
       *Attorneys for Defendants Craig Wallace*
       *and Wallace & Wallace*

17

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                                 ) ss.:
COUNTY OF WESTCHESTER   )

      Christina Antolino, being duly sworn, deposes and says:

      That deponent is not a party to the within action and is over 18 years of age.

      That on the 25th day of May 2011, deponent served the within **MEMORANDUM OF LAW IN SUPPORT OF THE WALLACE DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT,** upon the attorney(s) for the respective party(ies) in this action, at the address(es) listed below, such address(es) designated by said attorney(es) for that purpose via **Overnight Delivery,** by depositing same in a properly addressed wrapper, in an official depository under the exclusive care and custody of Federal Express.

TO:    Harry H. Wise, III, Esq.
       250 West 57th Street, Suite 1316
       New York, New York 10107
       *Attorney for Plaintiff*

       Nathaniel B. Smith, Esq
       Law Office of Nathaniel B. Smith
       111 Broadway, Suite 1305
       New York, New York 10006
       *Attorney for Defendant Martin Porter*

       Susan Sullivan Bisceglia, Esq.
       Sullivan Bisceglia Law Firm, P.C.
       263 New Hackensack Road
       Wappingers Falls, New York 12590
       *Attorneys for Defendant Proof of Funds, LLC*

                                                  CHRISTINA ANTOLINO

Sworn to before me this
25th day of May 2011

NOTARY PUBLIC
**CLAUDINE N. BONCI**
**Notary Public, State of New York**
**No. 01BO5015056**
**Qualified in Westchester County**
**Commission Expires July 12, 2011**