**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

101 MCMURRAY, LLC,                                    :

                                    Plaintiff,        :        **10-CV-9037(CS)**

               -against-                              :


**MARTIN PORTER, CRAIG WALLACE, WALLACE &:**
**WALLACE, PROOF OF FUNDS, LLC, DANE GEROUS**
**BRIGADIER, and ROBERT EDWARD MAYES, III,**   :

                                                      :
                                    Defendants,       :

-------------------------------------------------------------------x


# MEMORANDUM OF LAW OF PROOF OF FUNDS, LLC, DANE GEROUS BRIGADIER AND ROBERT EDWARD MAYES, III., IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P.12(b)(2) AND FED.R.CIV.P. 12(b)(6).

**TABLE OF CONTENTS**

**Contents**

Contents ........................................................................................................................2

TABLE OF AUTHORITIES .........................................................................................3

PREMILINARY STATEMENT ....................................................................................1

STATEMENT OF FACTS ............................................................................................2

ARGUMENT .................................................................................................................5

POINT I --THE COURT LACKS PERSONAL JURISDICTION OVER PROOF OF FUNDS, LLC, ROBERT EDWARD MAYES, III. AND DANE GEROUS BRIGADIER ........................5

    A. General Jurisdiction ...........................................................................................6

    B. This Court Does Not Have Personal Jurisdiction Over Proof of Funds, LLC, Robert Edward Mayes, III and Dane Gerous Brigadier ......................................................6

    Pursuant to CPLR § 302 - New York's Long Arm Statute ....................................6

    C. This Court Does Not Have Personal Jurisdiction Over Neither POF, REM Nor DGB Pursuant to *18 U.S.C. § 1965*(b) - RICO's Long Arm Statute ...............................9

POINT II ......................................................................................................................13

    PLAINTIFF'S CLAIM   SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CAUSE OF ACTION ...............................................13

    A. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER *18 U.S.C. § 1962*(c) .....................14

    1. The Complaint Does Not Allege Two Or More Predicate Acts of Racketeering Activity Constituting a Pattern ...........................................................................................15

    2. Plaintiff Has Failed to Plead The Distinct Enterprise Requirement .................16

    B. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER *18 U.S.C. § 1962*(d) .....................19

    C. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR FRAUD .........................20

    D. PLAINTIFF'S REMAINING CAUSES OF ACTION FAIL AS A MATTER OF LAW ............22

POINT III ....................................................................................................................24

    THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION .............................24

POINT IV ....................................................................................................................24

    PLAINTIFF'S PUNITIVE DAMAGES CLAIM SHOULD BE DISMISSED ...................24

CONCLUSION ............................................................................................................25

## TABLE OF AUTHORITIES

**Cases**

*Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 655 (S.D.N.Y. 1996),* aff'd, *113 F.3d 1229 (2d Cir. 1997)*..............................................................................................................19

*Semiconductor v. Citibank International, 969 F.Supp 243 (S.D.N.Y. 1997)* ................................17
*Bank Brussels Lambert v. Fiddler Gonzalez, 171 F.3d 779, 784 (2nd Cir. 1999).* ....................10
*Paul v. Premier Electrical Constr. Co, 576 F. Supp. 384 (S.D.N.Y. 1983)* ...............................13
*Ades & Berg Group Investors v. Breeden, 550 F.3d 240 (2d Cir. 2008);* ...................................29
*Oak Beverages, Inc. v. Tomra of Mass. L.L.C., 96 F.Supp.2d 336, 350 (S.D.N.Y. 2000)* ...........25
*Anderson v. Indian Black Expo, Inc., 81 F. Supp. 2d 494 (S.D.N.Y. 2000).* ..............................14
*Azrielli v. Cohen Law Offices, 21 F.3d 512, 520* (2d (Cir. 1994);........................................21, 22
*Black Radio Network, Inc. v. NYNEX Corp., 44 F. Supp. 2d 565 at 580 (S.D.N.Y. 1999* ...........23
*Burell v. State Farm and Cas. Co., 226 F.Supp.2d 427, 443 (S.D.N.Y. 2002).* ...........................21
*Chambers v. Executive Mortg. Corp. 229 A.D.2d 416; 645 N.Y.S.2d 91 (2d Dept. 1996)*..........27
*Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 242 (2d Cir. 1999)* ..21, 22
*Congregacion de la Mision Provincia de Venezuela, 978 F.Supp. 435, 450 (E.D.N.Y. 1997* ......24
*Congress Fin. Corp. v. John Morrell & Co., 790 F. Supp. 459, 469 (S.D.N.Y. 1992).* ...............26
*Cork & Seal Co., Inc., 138 F.3d 65 (2d Cir. 1998).* ...................................................................14
*Daewood International v. Orion Engineering, 2003 U.S Dist. LEXIS 18696, (S.D.N.Y.2003)* ....15
*Daly v. Castro Llanes, 30 F.Supp* ...............................................................................................14
*Dep't of Economic Development v. Arthur Anderson & Co., 924 F.Supp. 4* ..............................24
*Dietrich v. Bauer, 76 F.Supp.2d 312, 346 (S.D.N.Y. 1999).* .....................................................21
*Doxie v. Ford Motor Credit Co., 603 F.Supp.*.............................................................................19
*Economic Opportunity Comm. of Nassau County v. County of Nassau, Inc., 47 F.Supp.2d 353, 361 (E.D.N.Y. 1999).* ................................................................................................................19
*Figuroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990* ........................................................19
*Glucoft v. Northside Savings Bank, 86 Misc.2d 1007 382 N.Y.S.2d 690, 692 (Civ. Ct.1976).* ....13
*Goldfine v. Sichenzia, 118 F. Supp. 2d 392 (S.D.N.Y. 2000)* ........................................ 19, 23,24
*Goldman v. Belden, 754 F.2d 1059 (2d Cir.* ................................................................................20
*Gross v. Diversified Mortg. Investors, 438 F. Supp. 190 (S.D.N.Y. 1977).* ...............................27
*Grunwald v. Bornfreund, 668 F.Supp. 128, 133 (E.D.N.Y. 1987).*..............................................25
*H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989)* (emphasis added). ...............22
*Hermann v. Sharon Hosp.,Inc., 135 A.D.2d 682, 683, 522 N.Y.S.2d 581, 583* (2d Dep't 1987)...12
*Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994),* cert. denied, *513 U.S. 836, 115 S.Ct. 117 (1994)* ..............................................................................................................................19
*Irish Lesbian and Gay Organization v. Bratton, 882 F.Supp. 315 (S.D.N.Y. 1995),* aff'd, *52 F.3d 311 (2d Cir. 1995)* ....................................................................................................................31

*Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649 (S.D.N.Y. 1996)*...................................26

*Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207, 212 (SD NY 1995).* ...........................18

*Luce v. Edelstein, 802 F.2d 49 (2d Cir. 1986)* ............................................................................27

*McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992)).*.....................................................19

*Mergler v. Crystal Properties Assoc., Ltd., 179 A.D.2d 177, 181  (1st Dep't 1992)* ..................26

*Messe v. Miller, 79 A.D.2d 237, 242-43, 436 NYS2d 496 (4ᵗʰ Dept' 1981)*................................30

*Mills v. Polar Molecular Corp., 12 F.3d 1170, 1176 (2d Cir. 1993* ...........................................19

*Morin v. Trupin, 747 F.Supp. 1051, 1067 (S.D.N.Y. 1990)* ........................................................25

*Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983),* cert. denied sub nom;................21

*Nathan W. Drage, P.C. v. First Concord Securities, Ltd., 184 Misc.2d 92, 707 N.Y.S.2d 782, 787*
    *(N.Y. Sup. 2000)* .....................................................................................................................29

*Nolan v. Meyer, 520 F.2d 1276, 1280 (2d Cir. 1975)*...................................................................31

*NRB Indus., Inc. v. R.A. Taylor & Assocs., Inc., 1998 U.S. Dist. LEXIS 25 at *9 (S.D.N.Y.Jan. 7*
    *1998)* .......................................................................................................................................26

*O'Brien v. National Property Analysts Partners, 936 F.2d 674, 677 (2d Cir. 1991)*...................27

*Papasan v. Allain, 478 U.S. 265, 283, 106 S.Ct. 2932 (1986)* ....................................................19

*PT United Can Company LTD. v. Crown* ......................................................................................14

*Richmond v. Nationwide Cassel, L.P., 52 F.3d 640, 646 (7th Cir. 1995);* ...................................21

*Schmidt v. Fleet Bank, 16 F. Supp. 2d 340 (S.D.N.Y. 1998).* ...............................................20, 26

*Shuster v. Oppelman, 962 F.Supp. 394, 396 (S.D.N.Y. 1997)*......................................................19

*States v. Turkette, 452 U.S. 576, 583; 101 S.Ct. 2524 (1981).* ....................................................23

*Team Obsolete Ltd. V. A.H.R.M.A. Ltd., 2002 U.S. Dist. Lexis 10737 (E.D.N.Y. 2002)*........13, 14

*United States v. Turkette* ...............................................................................................................23

*Van Essche v. Leroy, 692 F. Supp. 320, 324 (S.D.N.Y. 1988)*......................................................13

*Vigilant Ins. Co. of America v. Hous. Auth. Of City of El Paso, Texas, 87. N.Y.2d 36, 43 (N.Y.*
    *1995)* .......................................................................................................................................29

*Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999)*(internal citations omitted)..19

**Statutes**

*18 U.S.C. § 1962*(d)) .............................................................................. 20, 25, 26, 29

18 U.S. C. § 1343 .............................................................................................................22

18 U.S.C. § 1961 ..............................................................................................................22

*18 U.S.C. § 1961*(5).........................................................................................................22

*18 U.S.C. § 1962* .......................................................................................................20,30

*18 U.S.C. § 1962*(c).....................................................................................................20, 24

*18 U.S.C. § 1965* .............................................................................................................14

*18 U.S.C. § 1965*(b).........................................................................................................18

*28 U.S.C. § 1367*(c)(3), ...................................................................................................30

CPLR § 302 (a)(3)......................................................................................................12, 13

CPLR § 302(a)(1) .............................................................................................................12

CPLR § 302(a)(2) ...........................................................................................12, 13
Fed. R. Civ. P. 12(b)(6)...............................................................................18, 20
Fed. R. Civ. P. 9(b), ...................................................................................19, 27
Rule 8, Fed. R. Civ. P..........................................................................................27
U.S.C § 1961(1)),...............................................................................................22

## PREMILINARY STATEMENT

Defendants , Proof of Funds, LLC (hereinafter referred to as "POF"), Robert Edward Mayes, III (hereinafter referred to as "REM"), and Dane Gerous Brigadier (hereinafter referred to as "DGB") respectfully move to dismiss the Second Amended Complaint (the "Complaint") pursuant to (a) Fed. R. Civ. P. 12(b)(2), due to the Court's lack of personal jurisdiction over defendants POF, REM, and DGB  and (b) Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action. Accepting the allegations of the complaint as true for purposes of this motion, the complaint fails to articulate a basis for personal jurisdiction over defendants POF, REM, and DGB. The Complaint admits that POF is a company organized under the laws outside of New York (Sullivan Dec. Ex. A at ¶2) (although Complaint incorrectly states that POF is organized under the laws of Pennsylvania when it is actually organized under the laws of Delaware Sullivan Dec. Ex. C at ¶2). The Complaint admits that REM is an individual citizen of Tennessee Sullivan Dec. Ex. D at ¶2  The Complaint admits that DGB is an individual citizen of Ohio. Sullivan Dec. Ex. E at ¶2)   Nothing in the Complaint alleges that POF, REM nor DGB engaged in any acts in the State of New York which would subject any of them to personal jurisdiction before this Court. Because the Complaint does not allege (nor could it allege) facts that would allow this Court to assert jurisdiction over POF, REM nor DGB pursuant to either the Racketeer Influenced and Corrupt Organizations Act ("RICO") or the New York long arm jurisdiction statutes, the case must be dismissed pursuant to Rule 12(b)(2).

Second, should this Court hold that personal jurisdiction does exist over POF, REM or DGB, such defendants also move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all causes of action asserted against each of them for failure to state a claim upon which relief can be granted. Plaintiff's RICO claim (its only federal cause of action) is unsustainable because it represents nothing more than a misguided and unsupported attempt to transform the other co-defendants' breach of contract claim into a federal racketeering and fraud lawsuit against all defendants. Plaintiff's complaint fails to establish a prima facie claim against POF, REM and DGB on any one of the causes of action asserted therein.

## STATEMENT OF FACTS

Plaintiff commenced this action by filing a complaint on December 3, 2010.  It subsequently filed an amended complaint on December 16, 2010 and then in response to requests for permission to move to dismiss the complaint, the court allowed Plaintiff to serve a second amended complaint in an effort to allow Plaintiff to address pleading insufficiencies in the amended complaint. On or about April 17, 2011, the Plaintiff filed its second amended complaint referred to herein as "Complaint".  This action arises out of a transaction wherein the Plaintiff entered into a contract, dated December 14, 2007, with defendant Martin Porter ("PORTER") to obtain a standby letter of credit ("the Agreement") (Sullivan Decl., Ex. A at ¶11). Notably, none of the other Defendants POF, REM, or DGB is a party to such Agreement.

Plaintiff, 101 McMurray, LLC, is a limited liability company organized under the laws of the State of Nevada, with its principal place of business in the city of Mountain View, California. Sullivan Decl., Ex. A at ¶1.. Defendant, Martin Porter is an individual citizen of the state of Florida. *Id.* at ¶2.  Defendant Craig Wallace is an individual citizen of the state of New York

residing in Duchess County, New York. *Id.* at ¶3. Wallace & Wallace is a partnership organized

unde4r the laws of the Stat of New York with is principal place of business located in Duchess

County, New York. *Id.* at¶4. Defendant Proof of Funds, LLC is a limited liability company

organized under the laws of the state of Delaware  (Sullivan Decl., Ex. C at¶3) with its principal

offices located in Cranberry, Pennsylvania. (Sullivan Decl., Ex. A at ¶5). Defendant Dane

Gerous Brigadier is an individual citizen of the state of Ohio. (Sullivan Decl., Ex. A at ¶6).  POF

has never been licensed to do business in New York and, as such, has never conducted any

business in New York, nor did it ever cause any of its members, employees or agents to travel to,

engage in business or otherwise establish contacts in the State of New York, open any bank

accounts or own any real estate in New York in connection with transaction alleged in the

Complaint. (Sullivan Decl., Ex. C ¶ 3-7).

On or about December 14, 2007, *Plaintiff entered into the Agreement* with PORTER, not

POF, REM nor DGB. Sullivan Decl., Ex. A at ¶Ex. A.  Plaintiff admits that *PORTER (not POF,*

*REM or DGB) delivered the Agreement to Plaintiff* on December 14, 2007 Sullivan Decl., Ex. A

at ¶11.  Further, on November 6, 2008, almost a year after signing the Agreement, Plaintiff

apparently executed and delivered to PORTER a document entitled "ADDENDUM I" stating

"Beneficiary (Plaintiff) acknowledges that the Director of Finance and all associated parties have

completed their obligations under the contract…Dated December 14, 2007… Sullivan Decl., Ex.

B at ¶h. Now, over  three years later, Plaintiff,  claims that it was defrauded by defendants

PORTER, and POF, REM and DGB under a fraudulent scheme   (Sullivan Decl., Ex. A at ¶'s

36-37) and that somehow such defendants were involved in an enterprise (as defined under 18

U.S.C. § 1964(4), violated federal wire-fraud statute 18 U.S.C § 1343 and were involved

racketeering activities.   Sullivan Decl., Ex. A at ¶'s 46-51.  Plaintiff also asserts state law claims

3

based on conversion, fraud, unjust enrichment and constructive trust. *Id.* at¶40-44.   Plaintiff claims damages of $680,000, punitive damages and trebled damages in the amount of $2,040,000.

Although Plaintiff states that it was convinced by the representations of defendants REM and DGB, as principals and acting on behalf of POF, that they could for a fee, obtain for plaintiff a standby letter of credit (Sullivan Decl., Ex. A at ¶P11) and that relying on such representations it wired funds under such agreement, dated December 14, 2007, (*Id.* at ¶22) the only support of such representations alleged by Plaintiff are: (1) emails from DGB, dated, February 12, 2008, from REM, dated, May 2, 2008 and a letter, from POF via DGB e-mail, dated, February 11, 2009 (*Id.* at ¶19) all of which were allegedly sent AFTER Plaintiff entered into the Agreement – thus, Plaintiff can hardly argue that it relied on representations  contained in such emails and letter in entering into the Agreement if Plaintiff received them after it entered into the Agreement;  and (2) brochures (*Id.* at ¶'s 15-16) which are not addressed to anyone, not dated and not attached to the Complaint and thus do not meet the pleading specificity requirements of the Federal Rules of Civil Procedure.

Beyond conclusory allegations of fraud, there is nothing in the Complaint to establish that any of the claims asserted against POF, REM or DGB are viable.[1] Plaintiff claims, in purely

---

[1] n5 Conclusory allegations are insufficient to withstand a motion to dismiss. See *Manos v. Geissler. 377 F.Supp.2d 422, 425 (S.D.N.Y. 2005).* Moreover, courts need not accept as true pleadings expressing legal conclusions, speculation and unsubstantiated allegations "so broad and conclusory as to be meaningless." *Decker v. Masses-Ferguson, Ltd., 681 F.2d 111, 120 (2d Cir. 1982); see also Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002)* (while the court must construe factual allegations in the light most favorable to the plaintiff, the court is not required to accept plaintiff's legal conclusions)

conclusory fashion that POF, REM and DGB participated in a RICO enterprise with PORTER (Sullivan Decl., Ex. A at ¶'s 37, 42, 46 -51). Even accepting Plaintiffs allegations as true, the Complaint simply fails to articulate how emails and letters sent well after the Agreement could constitute representations that Plaintiff relied upon in entering the Agreement; or how undated brochures, not addressed to anyone (and notably not attached to Complaint) could constitute specific representations that Plaintiff relied upon in entering the Agreement and how all that somehow constitutes fraud.  Further, the Complaint fails to plead sufficient facts to support any of the pendent state law claims asserted against POF, REM or DGB in the Complaint.  Finally, Plaintiff fails to plead sufficient facts to pierce the corporate veil such as to sustain a cause of action against Robert Edward Mayes, III or Dane Gerous Brigadier personally.  Thus, even if this court finds that Plaintiff has sustained jurisdiction over defendant, Proof of Funds, III and further, has stated sufficient a cause of action under the Federal Rules of Civil Procedure against Proof of Funds, III, this court should dismiss any cause of action against individual defendants Robert Edward Mayes, III and Dane Gerous Brigadier.

## ARGUMENT

### POINT I --THE COURT LACKS PERSONAL JURISDICTION OVER PROOF OF FUNDS, LLC, ROBERT EDWARD MAYES, III. AND DANE GEROUS BRIGADIER

PlaIntiff bears the burden of establishing that personal jurisdiction exists over POF, REM, and DGB each of whom are not residents of the State of New York. *Bank Brussels Lambert v. Fiddler Gonzalez, 171 F.3d 779, 784 (2nd Cir. 1999).* As set forth below, the court lacks both general and specific jurisdiction over POF, REM and DGB.

### A. General Jurisdiction

A non-domiciliary defendant is subject to general jurisdiction if the defendant is engaged in "continuous and systematic course of doing business in the forum state." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d. 55, 57 (2nd Cir. 1985).* Plaintiff's complaint acknowledges that: (1) POF is limited liability company organized under the laws of another state with principal place of business located in Cranberry, Pennsylvania; (Sullivan Decl., Ex. A at ¶5), not New York. *Id.* at ¶8; (2) REM is an individual citizen of Tennessee (*Id.* at ¶7); (3) and DGB is an individual citizen of Ohio *Id.* at ¶6. There is no allegation in the Complaint that either POF, REM or DGB conducted any continuous and systematic course of doing business in New York and this fact is confirmed in the respective affidavits of POF's, REM's and DGB.  Sullivan Decl., Ex. C at ¶3-7, Ex. D at ¶2-6, and Ex. E at ¶2-6), respectively. Thus, as neither POF, REM and DGB conducted business in the State of New York in connection with the underlying transaction and certainly did not engage in a "continuous and systematic course of doing business" in New York, the Court lacks general jurisdiction over POF, REM and DGB.

### B.   This Court Does Not Have Personal Jurisdiction Over Proof of Funds, LLC, Robert Edward Mayes, III and Dane Gerous Brigadier Pursuant to CPLR § 302 - New York's Long Arm Statute

Plaintiff's complaint fails to specifically cite the basis for its assertion of jurisdiction. It appears however, based upon the allegations set forth in the complaint, that plaintiff seeks to invoke N.Y. C.P.L.R. § 302(a)(1)-(3), as a basis for jurisdiction over POF, REM and DGB. (Complaint, P9). According to CPLR § 302, jurisdiction can be asserted over non-domiciliary defendants who: transact business in New York (§ 302(a)[1]), commit a tortuous act within New York (§ 302(a)[2]), commit a tortuous act outside of New York that causes injury to person or property within New York (§ 302(a)[3]), or own real property in New York (§ 302(a)[4]).There must be a showing that "the defendant had projected itself by means of letters and calls into

6

market activity that was ongoing in New York, and hence had purposely availed itself of the privilege of conducting such activities within the state" in order to have a court exercise jurisdiction under CPLR § 302(a)(1). *Mayes v. Leipziger,* 674 F.2d 178, 184 (2d Cir. 1982). Under CPLR 302(a)(2) jurisdiction over an out-of-state defendant can be obtained when there are tortuous acts committed within the State of New York. *Twine v. Levy,* 746 F.Supp. 1202, 1206 (E.D.N.Y. 1990). Finally, under CPLR 302(a)(3), a Court may exercise long-arm jurisdiction over an out-of-state defendant if that defendant commits a tortuous act outside of the state causing injury within the state and the plaintiff makes the requisite showing that the defendant derives substantial revenue within the State or expects the act to have consequences in the state and derives substantial revenue from interstate commerce. "New York has strictly construed CPLR § 302(a)(3), holding that "the sites of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Hermann v. Sharon Hospital, Inc.,* 135 A.D.2d 682, 683, 522 N.Y.S.2d 581, 583 (2d Dep't 1987).

Here, jurisdiction under CPLR § 302(a)(1) is not appropriate as neither POF, REM nor DGB were transacting any business in New York under this transaction. Plaintiff makes no such assertion and each of the affidavits of POF, REM and DGB own sworn affidavits attest to the fact that neither of them has  transacted business in the State of New York in connection with the underlying transaction. Sullivan Decl., Ex. C at ¶3-9, Ex. D at ¶3-6, and Ex. E at¶3-6. Jurisdiction pursuant to CPLR § 302(a)(2) is equally improper. There is no allegation that POF, REM or DGB committed any acts within the State. To the contrary, plaintiff admits that: (1) POF is a company of another state with principal offices in outside of New York (Sullivan Decl., Ex.

A at ¶5); (2) REM is an individual citizen of the state of Tennessee (*Id.* at ¶7); and (3) DGM is an individual citizen of the state of Ohio *Id. at ¶6.*

To the extent plaintiff relies on any of the emails, letters or brochures alleged in the Complaint (Sullivan Decl., Ex. A at ¶15,16,19) as a basis for jurisdiction under CPLR § 302(a)(2), the federal courts in this Circuit have concluded that the transmission of a communication, from outside of New York into the state, by mail or telephone, is not an act committed within the state for purposes of Section 302(a)(2) jurisdiction. That is, "the New York courts have given a strict interpretation to § 302(a)(2) requiring, in effect, that the defendant be physically present in New York while committing the tort." *Paul v. Premier Electrical Constr. Co,* 576 F. Supp. 384 (S.D.N.Y. 1983) (citing *Glucoft v. Northside Savings Bank,* 86 Misc.2d 1007, 1009; 382 N.Y.S.2d 690, 692 (Civ. Ct. 1976).

In *Van Essche v. Leroy,* 692 F. Supp. 320, 324 (S.D.N.Y. 1988)*,* the Southern District granted the attorney-defendant's motion to dismiss for lack of personal jurisdiction and noted that "federal courts in this Circuit have concluded that the transmission of a communication, from outside of New York into New York, by mail or telephone, is not an act committed 'within the state' for purposes of Section 302 (a)(2) jurisdiction." Thus, as with any of the alleged emails, letter or brochures allegedly sent by either POF, REM or DGB, any such alleged mailing, even if Plaintiff had alleged they were mailed to New York  - which Plaintiff did not allege - could not give rise to jurisdiction under § 302(a)(2) because the mailing was not an act committed in New York. Thus, such alleged communications with Plaintiff even if they did occur, is insufficient to establish personal jurisdiction over either POF, REM or DGB pursuant to CPLR § 302 (a)(2). *Id. at 324;* see also, *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 2002 U.S. Dist. LEXIS 10737 (E.D.N.Y. 2002)*,* Finally, there can be no jurisdiction under CPLR § 302 (a)(3) as the sites of the

injury was outside New York - the jurisdiction the parties (Plaintiff and PORTER) choose under their Agreement (Sullivan Decl., Ex. A to Ex A at 5.13) was Florida - not New York where the resultant damages were allegedly subsequently felt by the Plaintiff under the Escrow Agreement (Sullivan Decl., Ex. E to Ex. A ) and *notably* under which neither POF, REM nor DGB are a party.  Thus, the Complaint and the exhibits attached thereto demonstrate that Plaintiff cannot satisfy any of the prongs of long-arm jurisdiction over neither POF, REM nor DGB, and the Complaint should be dismissed as a matter of law.

### C. This Court Does Not Have Personal Jurisdiction Over Neither POF, REM Nor DGB Pursuant to *18 U.S.C. § 1965*(b) - RICO's Long Arm Statute

As shown below, Plaintiffs' RICO claims against is POF, REM and DGB are not sustainable, which is fatal to its efforts to invoke the RICO long arm jurisdiction provisions of *18 U.S.C. § 1965*. Moreover, *18 U.S.C. § 1965* "does not confer universal personal jurisdiction over all RICO defendants." *Anderson v. Indian Black Expo, Inc.,* 81 F. Supp. 2d 494 (S.D.N.Y. 2000). The "preference, as set forth in § 1965(a), is to bring the action where suits are normally expected to be brought." *PT United Can Company LTD. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65 (2d Cir. 1998). Section 1965(a) "does not grant jurisdiction over a defendant who was not found, did not reside, and did not transact his affairs or the affairs of the alleged RICO enterprise in New York." *Daly v. Castro Llanes,* 30 F.Supp. 2d 407, 412-413 (S.D.N.Y. 1998). In *Team Obsolete Ltd. V. A.H.R.M.A. Ltd.,* 2002 U.S. Dist. Lexis 10737 (E.D.N.Y. 2002), the Court granted the defendant attorney's motion to dismiss, *inter alia*, a RICO claim for lack of personal jurisdiction because the attorney, like POF, REM and DGB, was never present in New York and New York's long arm jurisdiction did not apply. The only instances of any direct contact between the defendant in Team Obsolete and New York were a letters sent from Colorado via mail or facsimile to the plaintiff at his Brooklyn address. In addressing the question of personal

jurisdiction over the moving defendant, this Court stated: "[n]ot only is the tortuous nature of these letters questionable, but they are certainly not enough to establish [defendant's] physical presence within the state for jurisdictional purposes. *Id*. at 12. In Team Obsolete, plaintiffs' conclusory allegations that the attorney participated in the RICO conspiracy, without any factual support for the requisite distinctness of entities necessary to establish an enterprise under the act, were equally insufficient. For the same reasons announced in Team Obsolete, Plaintiff cannot invoke RICO jurisdiction over neither POF, REM nor DGB in a forum that none of them could have been anticipated.

Additionally, Plaintiff's inference that somehow POF, REM and DGB could have subjected themselves to personal jurisdiction in New York by their alleged receipt of funds wired to them outside of New York pursuant to an escrow agreement (Sullivan Decl., Ex. E to Ex. A) under which none of them is a party is equally non persuasive. The only parties to the escrow agreement are PORTER, Plaintiff and Wallace & Wallace, NOT POF, REM nor DGB.  Only PORTER, Plaintiff and Wallace & Wallace could have purposefully availed themselves of the benefits of such escrow agreement.  Neither POF, REM nor DGB choose Wallace & Wallace as an escrow agent under the Agreement (Sullivan Decl., Ex. C at ¶19, Ex. D at ¶16, and Ex. E at ¶16) – that was the choice of Plaintiff, PORTER and Wallace & Wallace.

 This court has held that wiring of funds is insufficient to establish jurisdiction under New York's long arm statute.  See *Seymenor v. State Street Bank,* 244 A.D. 2d 880, 881 (4th Dept. 1997) *(citing Continental Field Serv. Corp. v ITEC Intl.,* 894 F. Supp. 151, 154 (S.D.N.Y.1995);. *Daewood International v. Orion Engineering, 2003 U.S Dist. LEXIS 18696, (S.D.N.Y.2003)* (granting defendant's motion to dismiss the complaint for failure to establish a prima facie case of jurisdiction under N.Y.C.P.L.R 301  or 302(a)(1) where allegation of jurisdiction was based

on the wiring of funds out of a new York bank account to non-domiciliary defendants).   In _Daewood,_ defendant borrowers were incorporated in California and Mexico and did not maintain offices in New York, did not have a New York bank account and did not own or have any property in New York.   The underlying transaction involved $20 million dollar loan made by plaintiff to defendants.   The court found that Plaintiff failed to plead, any facts suggesting that any significant transaction regarding the loan occurred in New York.   Such loan negotiations were based on discussions in outside of New York.   Although the loan was dispersed through a New York bank, this Court found that the wiring of money under such loan out of a bank in New York was insufficient to establish jurisdiction under New York's long arm statute. _Daewood, supra, quoting_     Here, since Plaintiff's sole basis for jurisdiction over POF, REM and DGB appears to be based on the wiring of funds from a New York bank account maintained under an escrow agreement to which neither POF, REM, nor DGB are a party, this court should find that Plaintiff has failed to establish a prima facie case of jurisdiction under N.Y.C.P.L.R. 301 or 302(a)(1).   Although this Court has indicated that "Daewood may be in apposite as it involved a Defendant who only wired funds to New York. Here, the allegation is that Defendants designated a New York person as their agent (after which Plaintiff sent funds here)." (Memo Endorsed and Order of Cathy Seibel, U.S.D.J., 4/5/11, electronically filed herein).   _Daewood_, involved a defendant who was wired funds out of New York (analogous to defendants POF, REM and DGB) not a defendant who wired funds to New York.   This is significant, as a defendant who was only wired funds "out of New York" and did not wire funds "into New York", did not purposefully avail itself to the laws of the state of New York.   .   Moreover, neither POF, REM nor DGB are parties to such Escrow Agreement pursuant to which they were allegedly wired such funds – which further shows that they did not purposefully avail themselves to the laws of

the state of New York under a written agreement.   Neither POF, REM nor DGB chose to have

funds deposited or wired out of a bank account in New York, they were only allegedly wired

funds from such account – it was not their choice to have funds wired "into" or "out of" a New

York bank. Thus, clearly, Plaintiff can't base personal jurisdiction over defendants POF, REM

and DGB on the mere wiring of funds out of New York.   *Also See, Semiconductor v. Citibank

Int'l, 969 F.Supp 243 (S.D.N.Y. 1997)* (finding no personal jurisdiction over defendant where

only contact to New York was the receipt of a fee for a letter of credit wired from Citibank,

N.A., a separate New York entity).  Here, defendants' POF, REM and DGB only alleged contact

with New York was the alleged receipt of a fee wired from another defendant, Wallace &

Wallace under an Escrow Agreement to which neither POF, REM nor DGB are parties. POF's,

REM's and DGB's limited actions in this case, all of which took place outside of New York, are

insufficient for this Court to invoke jurisdiction over any of them under the RICO statute. POF,

is not a New York company, it is a company organized under the laws of Delaware and did not

do business in New York under this transaction. (Sullivan Decl., Ex. A at ¶5 and Ex. C at ¶3-9).

POF was served with Complaint in Tennessee (Sullivan Decl., Ex. C ¶8).  REM does not reside

in New York; he resides in Tennessee and was served in Tennessee. (*Id.* at ¶7 and Sullivan Decl.,

Ex. D at ¶5); DGB does not reside in New York, he resides in Ohio and was served with the

Complaint in Ohio(Sullivan Decl., Ex. A at ¶6 and Ex. E at¶5). Additionally, as set forth above,

neither POF, REM nor DGB has ever transacted business in connection with this transaction in

New York. (Sullivan Decl., Ex. C at ¶3-9, Ex. D at ¶2-6, and Ex. E, ¶2-6, respectively). The

transaction described by the Plaintiff as constituting the alleged RICO enterprise - i.e., the

Agreement, involving obtaining a stand by letter of credit with a choice of law provision

providing that such Agreement shall be construed and governed by the laws of Dade County

Florida and delivered to Plaintiff in California (Sullivan Decl., Ex. A at ¶11) - all occurred

outside of the State of New York. As such, jurisdiction is improper under *18 U.S.C. § 1965*(b).

Moreover, defendants, POF, REM and DGB are not parties to such Agreement.


**POINT II**

### PLAINTIFF'S CLAIM   SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)FOR FAILURE TO STATE A CAUSE OF ACTION

On a motion to dismiss pursuant to Federal Rule 12(b), the Court must only accept as true

"well pleaded factual allegations" contained in the complaint, not bald conclusory statements.

*Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir. 1994)*, cert. denied,* 513 U.S. 836, 115 S.Ct.

117 (1994)*; Goldfine v. Sichenzia,* 118 F. Supp. 2d 392 (S.D.N.Y. 2000)*; Papasan v. Allain,* 478

U.S. 265, 283, 106 S.Ct. 2932 (1986)*; Shuster v. Oppelman,* 962 F.Supp. 394, 396 (S.D.N.Y.

1997)*,* Moreover, Federal Rule 9(b) provides that "[i]n all averments of fraud and mistake, the

circumstances constituting fraud or mistake shall be plead with particularity." Fed.R.Civ.P. 9(b).

Allegations of fraud that are plead as predicate acts in a RICO claim must satisfy Federal Rule

9(b). *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1176 (2d Cir. 1993)*; Economic Opportunity

Commission of Nassau County v. County of Nassau, Inc., 47* F.Supp.2d 353, 361 (E.D.N.Y.

1999)*.* Pursuant to Fed. R. Civ. P. 9(b), in order for a complaint to sufficiently allege fraud with

the required particularity, "a plaintiff must set forth more than neutral facts necessary to identify

the transaction. "The plaintiff must set forth what is false or misleading about a statement, and

why it is false. In other words, 'the plaintiff must set forth an explanation as to why the statement

or omission complained of was false or misleading.'" *Yourish v. California Amplifier,* 191 F.3d

983, 993 (9th Cir. 1999)(internal citations omitted). Courts insist upon strict compliance the

pleading requirements for a civil RICO claim because of the stigmatizing effect of those named

as defendants. See *Doxie v. Ford Motor Credit Co.,* 603 F.Supp. 624, 628 (S.D. Ga. 1984) 624, 628 (S.D. Ga. 1984)*; Katzman v. Victoria's Secret Catalogue,* 167 F.R.D. 649, 655 (S.D.N.Y. 1996), aff'd, 113 F.3d 1229 (2d Cir. 1997). To properly plead a claim involving fraud, including RICO, a plaintiff must specify the alleged fraudulent conduct, when and where each incident of fraudulent conduct occurred, and who participated in the fraudulent conduct, especially in the case of multiple defendants. See *Economic Opportunity Commission of Nassau County,* 47 F. Supp. 2d 353, 361-362 (E.D.N.Y. 1999)  As demonstrated below, Plaintiff failed to plead RICO and fraud claims with the requisite particularity and, thus, the claims should be dismissed as a matter of law. A Rule 12(b)(6) motion is addressed to the face of the pleading, which is deemed to include any document attached to it as an exhibit, or any document incorporated in it by reference. *Goldman v. Belden,* 754 F.2d 1059 (2d Cir. 1985). *1985).* Here, Plaintiff makes vague, conclusory allegations in the Complaint that "Upon information and belief, based on the representations of UBS Bank, that the purported letter of credit provided to plaintiff by defendants was a fake bearing forged signatures,  all the representations in paragraph 19 were false…" (Sullivan Dec. Ex. A at ¶20) without specifying exactly what those "representations of UBS Bank were", and who from UBS Bank made such representations, how they were made and when they were made and further, without attaching any supporting documentation to evidence such UBS representations.  Thus, Plaintiff  has failed to plead his RICO and fraud claims with the requisite particularity and the claims should be dismissed as a matter of law.

### A. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER *18 U.S.C. § 1962*(c)

Even if this Court finds it has personal jurisdiction over POF, REM or DGB, Plaintiffs complaint must still be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action. Plaintiff's primary claims are for civil RICO *(18 U.S.C. § 1962*(c)) ("RICO"); RICO

conspiracy *(18 U.S.C. § 1962*(d)) ("RICO Conspiracy"); and fraud. In considering RICO claims, "[c]ourts must always be on the lookout for the putative RICO case that is really 'nothing more than an ordinary fraud case clothed in the Emperor's trendy garb.' *Schmidt v. Fleet Bank,* 16 F. Supp. 2d 340 (S.D.N.Y. 1998)   In order to demonstrate that the defendant has violated the substantive RICO statute, the plaintiff must allege the existence of following elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir. 1983)*, cert. denied sub nom*; *Burell v. State Farm and Cas. Co.,* 226 F.Supp.2d 427, 443 (S.D.N.Y. 2002). [*26]  *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.,* 187 F.3d 229, 242 (2d Cir. 1999)

## 1. Complaint Does Not Allege Two Or More Predicate Acts of Racketeering Activity Constituting a Pattern

Plaintiff's Complaint alleges that defendants collectively committed a series of  predicate acts but fails to ever fully articulate what those acts specifically are or, which defendant committed which act. The complaint completely fails to state the two or more predicate acts that POF, REM, or DGB committed and how any alleged acts on their part were part of any "pattern." The complaint alleges, at best, that POF, REM and/or DGB made certain representations but in attempting to specify what those representations were, how they were made and to whom only alleges: (1) that defendants prepared two advertising brochures – but fails to allege the date of the brochure and to whom it was provided and when (Sullivan Dec. Ex. A at ¶15-17); (2) defendant DGB sent an e-mail dated February 12, 2008; defendant REM sent an e-mail dated May 2, 2008; and defendant DGB sent a letter, dated February 11, 2009  (all of which are admittedly sent AFTER the date of the Agreement that Plaintiff alleges it entered into in reliance

on);  (3) defendants POF,  REM, and DGB and PORTER caused information concerning

defendant Wallace and Wallace & Wallace to be on POF's website; all of which, Plaintiff

alleges, constitutes "racketeering activity."

RICO defines "racketeering activity" to include a host of criminal offenses, which are in turn

defined by federal and state law, ( See U.S.C § 1961(1)), and none of which are alleged in the

instant complaint. Mere common-law fraud does not constitute racketeering activity for RICO

purposes. *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.,* 187 F.3d 229, 244 (2nd Cir.

1999). RICO defines a "pattern of racketeering activity" as requiring "at least two acts of

racketeering activity" committed within a 10 year period. *18 U.S.C. § 1961*(5). See *Azrielli v.

Cohen Law Offices,* 21 F.3d 512, 520 (2d Cir. 1994). To establish a pattern, plaintiff must also

demonstrate that the predicate acts of racketeering activity by a defendant are "related, and that

they amount to or pose a threat of continued criminal activity." *Cofacredit, supra at 242, citing

H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239 (1989) (emphasis added).. Plaintiff

alleges in a conclusory manner that defendants POF, REM and DGB violated federal wire fraud

statute 18 U.S. C. § 1343 (Complaint P46) and are an "enterprise" under 18 U.S.C. § 1961 (4)

((Sullivan Dec. Ex. A at ¶48). As such, any RICO cause of action premised on predicate criminal

acts of fraud, wire fraud cannot be sustained as against POF, REM or DGB.

## 2. Plaintiff Has Failed to Plead The Distinct Enterprise Requirement

Even assuming Plaintiff has properly pled two or more predicate acts constituting a pattern of

racketeering activity, Plaintiff's RICO claim against POF, REM and DGB fails because it has not

plead an enterprise within the meaning of the RICO statute. To plead an enterprise, Plaintiff must

allege facts which demonstrate "a group of persons associated together for a common purpose,"

which is established by "evidence of an ongoing organization... and by evidence that the various

associates function as continuing unit." *United States v. Turkette,* 452 U.S. 576, 583; 101 S.Ct. 2524 (1981). "It is firmly established that, to state a claim under RICO, a Plaintiff must allege and prove the existence of an enterprise which is 'separate and distinct from the alleged pattern of racketeering activity.'" *Goldfine,* 118 F. Supp. 2d 392, at 400*, supra, citing Black Radio Network, Inc. v. NYNEX Corp.,* 44 F. Supp. 2d 565 at 580 (S.D.N.Y. 1999). That is, the enterprise cannot be the pattern of racketeering but must be "an entity separate and apart from the pattern of activity in which it engages." *United States v. Turkette, supra.* If a plaintiff has not pled that the alleged enterprise would exist despite the alleged pattern of racketeering activity, then the claims are subject to dismissal. *Goldfine, supra.*

Here, Plaintiff simply lumps all defendants into one paragraph and calls them an "enterprise." (Sullivan Dec. Ex. A at ¶48). Plaintiff states in a purely conclusory fashion that the Defendants are an association-in-fact "enterprise"…that engaged in , and the activities of which affected, interstate commerce.  They have been associated through time, joined in purpose, and organized in a manner amendable to hierarchical and consensual decision-making with each member..which was upon information and belief, earning money fraudulently by delivering fake bank documents to its victims" (*Id.* at ¶48) without specifically stating how.  Plaintiff fails to demonstrate what the "common purpose" between and among defendants was, or how defendants are associated or how they are part of an "ongoing association" with one another. *United States v. Turkette, supra.* To the contrary, the only allegation is that POF, REM and DGB made representations via email/brochures and delivered a stand-by letter of credit to Plaintiff by Defendants under the Agreement that neither POF, REM nor DGB are a party to(Sullivan Dec. Ex. A at ¶24) and further does not specify who, how or when.  POF, REM, DGB did not deliver the stand-by-letter of credit to Plaintiff Sullivan Dec. Ex. C at ¶18 Ex. D at ¶16, and Ex. E at ¶16.

There are no facts pled to support a relationship between POF, REM and DGB and any of the other defendants with whom POF, REM and DGB could have shared a "common purpose." Moreover, there are no supported allegations in the Complaint of an ongoing relationship between POF, REM and DGB, or any of the other defendants, that would constitute an "enterprise."

In addition, the complaint fails to demonstrate  how the enterprise is "separate and distinct from the alleged pattern of racketeering activity." *Black Radio Network, at 580.* To the contrary, by Plaintiffs own admissions, the enterprise purportedly violated the RICO statute by engaging in a pattern of racketeering activity described in the complaint (i.e., the fraud, wire/mail fraud) Sullivan Dec. Ex. A at ¶ 46-48. Thus, the "enterprise" as defined in the complaint, would not exist but for the alleged racketeering activity. Because the enterprise ultimately is not distinct from the alleged pattern of racketeering activity, plaintiff has failed to allege a distinct enterprise and plaintiff's RICO claims must be dismissed as a matter of law. See Goldfine, at 400. Moreover, a defendant must also have "participated 'in the operation or management of the enterprise itself.'" *Congregacion de la Mision Provincia de Venezuela,* 978 F.Supp. 435, 450 (E.D.N.Y. 1997*).* In order to properly plead a violation of *18 U.S.C. § 1962*(c), a defendant must exert control over the enterprise or be involved in some degree of its direction. *978 F.Supp. at 446, 450.* "Mere involvement or association with a RICO enterprise is not enough to establish RICO liability - 'the test is not involvement but control.'" *Congregacion de la Mision Provincia de Venezuela,* 978 F.Supp. at 450*, (*quoting *Dep't of Economic Development v. Arthur Anderson & Co.,* 924 F.Supp. 4*49, 466 (S.D.N.Y. 1996)).* Indeed, the test of whether a defendant was involved in the operation and management of an enterprise is difficult to satisfy since simply taking directions and performing tasks necessary and helpful to the enterprise are not sufficient

for liability under *18 U.S.C. § 1962*(c). *Goldfine, 118 F.Supp.2d at 403.*Although Plaintiff uses some legal "buzz words" asserting that all of the defendants participated in and conducted the affairs of the enterprise, Sullivan Dec. Ex.A at ¶46-51, Plaintiff fails to allege how POF, REM, and DGB, exerted managerial control over the enterprise.

### B. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER *18 U.S.C. § 1962*(d)

A claim under subsection  (d) requires that the defendants conspire to commit a substantive RICO violation. *18 U.S.C. § 1962*(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." *18 U.S.C. § 1962*(d). To plead the existence of a RICO conspiracy under *18 U.S.C. § 1962*(d), a plaintiff must adequately allege that the defendants agreed to form and associate themselves with a RICO enterprise and agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with that enterprise. *Cofacredit, 187 F.3d at 244.* "Bare allegations of 'conspiracy' ... are insufficient to support a civil RICO claim." *Morin v. Trupin,* 747 F.Supp. 1051, 1067 (S.D.N.Y. 1990*);* Other than in conclusory, insubstantial allegations, the Complaint does not allege that the POF, REM nor DGB agreed to form and associate with the other defendants for the purpose of engaging in the alleged racketeering activity. Plaintiff has not alleged with any specificity which defendants specifically agreed to conspire and how, when such agreement took place, and what the terms of the agreement to conspire was. It has not set forth one fact that shows that either POF, REM or DGB agreed to form and associate himself with a RICO enterprise, instead Plaintiff simply regurgitates the statutory language without any basis in fact. (Complaint, PP46-52). Accordingly, plaintiffs' claim of a RICO conspiracy under *18 U.S.C. § 1962*(d) must be dismissed as a matter of law. In addition, a substantive RICO violation is a prerequisite to a RICO conspiracy under § 1962(d). *Schmidt v. Fleet Bank,* 16

F.Supp. 2d 340, 353 (S.D.N.Y. 1998)*; NRB Indus., Inc. v. R.A. Taylor & Assocs., Inc.,* 1998 U.S. Dist. LEXIS 25 at *9 (S.D.N.Y. Jan. 7, 1998) (Court found that "because the claims under sections 1962(a) and (c) fail as a matter of law, the conspiracy claim under section 1962(d) likewise must be dismissed"); *Katzman v. Victoria's Secret Catalogue,* 167 F.R.D. 649 (S.D.N.Y. 1996). That is, a plaintiff must prove that if the agreed-upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity. See *Cofacredit, 187 F.3d at 244.* If there is no stated cause of action for substantive violations of RICO, then the Complaint as a matter of law "does not set forth a conspiracy to commit such violations." *Schmidt v. Fleet Bank,* 16 F.Supp.2d 340, 353 (S.D.N.Y. 1998).As demonstrated above, plaintiffs' substantive RICO claims and any RICO conspiracy claim under *18 U.S.C. § 1962*(d) fail as a matter of law.

## C. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR FRAUD

A cause of action for fraud requires that a plaintiff prove: (1) a material misrepresentation of fact; (2) made with knowledge of its falsity; (3) with the intent to deceive; (4) justifiable reliance; and (5) damages. *Mergler v. Crystal Properties Assoc., Ltd.,* 179 A.D.2d 177, 181  (1st Dep't 1992). A plaintiff must, as a matter of law, establish reasonable reliance on the alleged misrepresentations. See *Congress Fin. Corp. v. John Morrell & Co.,* 790 F. Supp. 459, 469 (S.D.N.Y. 1992). Likewise, "Federal Rule 9(b) requires that 'in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity,' an exception to the generally liberal scope of pleadings allowed by Rule 8, Fed. R. Civ. P." *Luce v. Edelstein,* 802 F.2d 49 (2d Cir. 1986*).* Moreover, Rule 9(b) requires that the allegations of fraud against multiple defendants must delineate the extent of the participation and responsibility of each defendant's alleged errors or omission. *Gross v. Diversified Mortg. Investors,* 438 F. Supp. 190 (S.D.N.Y. 1977).

New York Courts have consistently dismissed fraud claims where the complaint fails to allege the fraud complained of with the required particularity. *Chambers v. Executive Mortg. Corp.* 229 A.D.2d 416; 645 N.Y.S.2d 91 (2d Dept. 1996)(dismissing action against defendants - a mortgage broker and two appraisers - alleging, *inter alia*, fraud arising from a contract for the sale of their home due to a failure to plead the fraud claim, which asserted inaccurate appraisals, with sufficient particularity); *O'Brien v. National Property Analysts Partners,* 936 F.2d 674, 677 (2d Cir. 1991). In O'Brien, plaintiffs were a class of individuals who invested in four limited partnerships on which the defendants (an investment manager and the accounting firm of Price Waterhouse) rendered opinions, based on financial data prepared by the managers of the investment. The third amended complaint alleged that the defendants fraudulently induced their investment, in violation of federal securities laws, the Racketeer Influenced and Corrupt Organizations Act, and various state laws. Plaintiffs premised their claims primarily on the defendants' alleged fraudulent conduct and thus were required to comply with Fed. R. Civ. P. 9(b). In dismissing the claim, the Second Circuit stated that an ample factual basis must be supplied to support the charges. *Id. at 676.* In O'Brien, the plaintiff's pleaded vaguely that Price Waterhouse, as the investment's financial auditor, knew of the partnerships' impending financial difficulties, but nevertheless continued to aver that financial projections in subsequent partnership offerings were reasonable. However, since plaintiffs failed to allege particulars regarding Price Waterhouse's purported discovery that the investments net worth was declining, the unsubstantiated allegation was dismissed. Id.

In the case at bar, Plaintiff's Complaint is so vague and conclusory, it fails to properly plead any cause of action for fraud against POF, REM or DGB, let alone with the requisite specificity required by Rule (9). Plaintiff has failed to establish any misrepresentation, scienter or justifiable

21

reliance and instead simply states that POF, REM and DGB made representations, delivered

emails, a letter, brochures and allegedly delivered a letter of credit.  To the extent Plaintiff claims

that it entered into the Agreement based upon the fraudulent information contained in therein, the

e-mails, and letters where dated after the date Plaintiff entered into the Agreement and the

Plaintiff fails to state exactly when the brochures where delivered and to whom. Simply put, the

Plaintiff has failed to provide any specificity behind his conclusory assertion that POF, REM,

and DGB made representations.   As such, the fraud claim cannot survive. Moreover, it appears

that plaintiff is asserting that he was somehow induced to enter into an Agreement based upon

emails, and a letter. The Agreement was dated  5 months prior to the alleged emails and letter.  If

such emails and letter induced Plaintiff to enter into Agreement and wire funds under it, that

inducement would have occurred prior to the execution of the Agreement, not several months

later. Further, to the contrary, neither POF, REM  nor DGB are parties to the Agreement

(Sullivan Dec. Ex. A). Thus, neither POF, REM nor DGB can be found liable for any

misrepresentations that might have been made in an Agreement they had nothing to do with.

**D. PLAINTIFF'S REMAINING CAUSES OF ACTION FAIL AS A MATTER OF LAW**

   Plaintiff's remaining claims (conversion, unjust enrichment and constructive trust), fail as a

matter of law. New York law requires four elements to prove a constructive trust: (1) a

confidential or fiduciary relationship; (2) a promise, express or implied: (3) a transfer made in

reliance on that promise; *and* (4) unjust enrichment. *Ades & Berg Group Investors v. Breeden*,

550 F.3d 240 (2d Cir. 2008);. Thus, in order to warrant the imposition of a constructive trust, the

Plaintiff must allege the prerequisite "confidential or fiduciary relationship" with POF, REM or

DGB. In the case at bar, neither POF, REM or DGB are parties to the Agreement with the

Plaintiff, as such there clearly was no "confidential or fiduciary relationship" between the Plaintiff and defendants POF, REM or DGB.

Plaintiff must also establish why a constructive trust should be imposed against POF, REM and DGB by alleging facts showing how POF, REM and DGB made a promise to the Plaintiff and how POF, REM and DGB were unjustly enriched. *Ades & Berg Group Investors, supra;* Plaintiff has failed to set forth one fact to support either of these elements. To the contrary, any transfer of funds made, i.e., via the Escrow Agreement under the Agreement was made by, between and at the direction of Plaintiff, PORTER, Wallace and Wallace & Wallace, not POF, REM or DGB. Further, Plaintiff's claim for conversion should be dismissed.  Conversion is defined as "the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights. *Vigilant Ins. Co. of America v. Hous. Auth. Of City of El Paso, Texas,* 87. N.Y.2d 36, 43 (N.Y. 1995).  To establish conversion, a plaintiff must demonstrate legal ownership or an immediate superior right of possession to a specific identifiable thing and that the defendant exercised an unauthorized dominion over that property, which can be specific money, to the exclusion of the Plaintiff's rights.  *Messe v. Miller,* 79 A.D.2d 237, 242-43, 436 NYS2d 496 (4th Dept' 1981).  Here, Plaintiff admits that, (pursuant to the terms of the Agreement and Escrow Agreement), it wired the funds in question to the account of the escrow agent, Wallace & Wallace and Craig Wallace ((Sullivan Dec. Ex. A at ¶22). Under such Agreement and the Escrow Agreement, the Escrow Agent was authorized by Plaintiff to wire the funds to defendants ((Sullivan Dec. Ex. A at Annex E).  Thus, neither POF, REM nor DGB exercised any unauthorized dominion over such funds, as Plaintiff, pursuant to the Agreement, voluntarily wired such funds to the Escrow Agent and the Escrow Agent was authorized by Plaintiff to wire such funds to the appropriate parties under such agreement

23

including POF.  As such, neither POF, REM nor  DGB had any control over Plaintiff wiring such

funds and the Escrow Agents subsequent wiring of such funds.  Thus, Plaintiff's claim for

conversion should be dismissed. Further,  having failed to demonstrate at least three of the

requisite elements for a constructive trust,  Plaintiff's claim should be dismissed.


## POINT III

### THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION

If the Court dismisses the plaintiffs' Federal claims under *18 U.S.C. § 1962* it should also

decline to exercise supplemental jurisdiction over any remaining state law claims. Pursuant to *28

U.S.C. § 1367*(c)(3),  where federal claims are disposed of on a motion to dismiss, it is proper for

the court to dismiss the pendent claims as well. See, *Irish Lesbian and Gay Organization v.

Bratton, 882 F.Supp.* 315 (S.D.N.Y. 1995), aff'd, 52 F.3d 311 (2d Cir. 1995)*;* Plaintiffs federal

RICO claims are without merit and fail as a matter of law. This Court should not assert

supplemental jurisdiction over plaintiff's remaining state claims for conversion, fraud, unjust

enrichment and constructive trust.


## POINT IV

### PLAINTIFF'S PUNITIVE DAMAGES CLAIM SHOULD BE DISMISSED

Plaintiff is requesting punitive damages in its cause of action for fraud.   Even if this

Court does not dismiss the fraud claim, Plaintiff's request for punitive damages should be

denied.  Punitive damages are only awarded in rare cases involving improper state of mind or

malice, or cases involving wrongdoing to the general public.  *Karen S. v. Streitferdt,* 172 A.D.2d

440, 441, 568 N.Y.S.2d 946 (1st Dep't 1991); *Rand & Paseka Mfg. Co., v. Holmes Protection,*

130 A.D. 2d 429, 515 N.Y.S.2d 468 (1st Dept 1987), *appeal denied*, 70 N.Y.2d 615, 524

N.Y.S.2d 677 (1988). Plaintiff makes no allegations that either POF, REM or DGBs' alleged wrongdoing was motivated by malice or "was so outrageous…as to imply a criminal indifference to civil obligations." *Walker v. Stroh,* 192 A.D.2d 775, 776, 596 N.Y.S.2d 213 (3d Dep't 1993),. Plaintiff makes vague statements, that "upon information and belief" the defendants have made similar fraudulent representations to others as part of a fraudulent scheme aimed at the general public. Plaintiff has not identified any specific fraudulent representations by POF, REM or DGB that were aimed at the general public.. Thus, such assertion cannot be the basis for a claim for punitive damages.

## CONCLUSION

WHEREFORE, based upon the foregoing, moving defendants, Proof of Funds, LLC, Robert Edward Mayes, III, and Dane Gerous Brigadier, respectfully request this Honorable Court dismiss in its entirety, with prejudice: (1) Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; (3) and for such other relief as is just and proper.

 Dated: New York, New York

May 25, 2011

<div style="margin-left:40%">

Respectfully submitted,

By:S/_____
Susan Sullivan Bisceglia, (SS3210)
SULLIVAN BISCEGLIA LAW FIRM, PC
Attorney for Defendants
 Proof of Funds, LLC., Robert EdwardMayes, III,
and Dane Gerous Brigadier
263 New Hackensack Rd
Wappingers Falls, New York 12590
(845)463-2118  smsullivanlaw@aol.com

</div>

25